378 A.2d 488

**COMMONWEALTH of Pennsylvania**

v.

**Phillip Wakefield RUNKLE, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided Oct. 6, 1977.

---

Phillip Wakefield Runkle, appellant, in propria persona.

D. Gerard Long, District Attorney, Ebensburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The instant appeal is the latest in a long series of legal efforts maintained by the appellant to seek reversal of his conviction on charges arising out of his involvement in an attempted prison breach, wherein a hostage was held, in 1970. The instant appeal is from the February 17, 1976 Order of the lower court dismissing a petition for Writ of Habeas Corpus filed by appellant on December 3, 1975.

132

The long history of litigation shows that following appellant's conviction,[1] denial of his post-trial motions and sentencing, he filed a direct appeal, with the assistance of counsel, to the Superior Court. Our Court affirmed the judgment of sentence by a per curiam order of affirmance on January 4, 1973 (See *Commonwealth v. Runkle*, 223 Pa.Super. 758, 299 A.2d 332 (1973)) and the Pennsylvania Supreme Court denied a petition for allocatur on June 22, 1973. Thereafter the appellant filed a Post Conviction Hearing Act (19 P.S. § 1180–1 et seq.) petition in approximately March, 1973,[2] which was denied by the lower court without a hearing. Such denial was appealed to the Superior Court, which on July 11, 1974, filed a per curiam order remanding the matter for a P.C.H.A. hearing. On December 16, 1974, a P.C.H.A. hearing was held before the lower court, at which appellant was represented by counsel. At this hearing, petitioner's claims, as raised in a number of voluminous post-conviction petitions, were reviewed.[3] On February 28, 1975, the lower court denied all P.C.H.A. relief. No appeal was taken from such denial. On December 3, 1975, the appellant filed a petition for writ of habeas corpus. In it he raised several claims which were the subject of, or should have been included in prior appeals.[4] He also claimed that a witness (a former co-defendant) had erroneously been permitted to invoke the Fifth Amendment and refuse to testify at the P.C.H.A. hearing. Appellant does not contend he was denied the opportunity to appeal from the denial of P.C.H.A. relief and such a claim, of course, should have been raised in such an appeal. Finally, he claims that he was

1. The appellant sought habeas corpus relief, without success, prior to trial.

2. Various documents inexplicably contain varying filing dates for some of the documents in the record.

3. It is also noted that petitioner also filed a petition for writ of error coram nobis during the same time period.

4. These included claims that:
   (a) The appellant claimed he had been denied a preliminary hearing or transcript of same.
   (b) Trial errors in the admission of certain evidence.

denied effective assistance of counsel at his P.C.H.A. hearing, allegedly because his P.C.H.A. counsel refused to permit him to testify at the P.C.H.A. hearing, and was unprepared and failed to register proper objections at that hearing. With respect to this latter claim, a review of the P.C.H.A. hearing transcript reveals a total lack of merit. That record shows that counsel did a very effective job of advocating appellant's position and arguing numerous claims on his behalf. Counsel was obviously prepared for the hearing and familiar with the numerous contentions maintained by his client. Moreover, appellant has failed to specify any particular claim he could have supported by testimony at the P.C.H.A. hearing. No mention is made by anyone of appellant's supposed desire to testify. Upon these facts there is no error apparent in the denial of habeas corpus relief.

The appellant has filed the instant appeal from the denial of his petition for a writ of habeas corpus. That petition was quite obviously an attempt to raise issues previously litigated and/or waived, and further, exemplifies an effort by a litigious defendant to use the vehicle of habeas corpus to nullify a prior failure to appeal from the denial of a P.C.H.A. petition. Again, it is worth mentioning that appellant does not claim any denial of his rights in the nonappeal of the lower court's disposition of his earlier P.C.H.A. petition. It is also significant that appellant refuses the assistance of the public defender's office on this appeal and has not sought the appointment of other counsel.

Another substantial reason exists for the dismissal of the instant appeal. Procedurally, the legislative enactment of the Post Conviction Hearing Act established a well defined procedure for the presentation of grievances such as those raised in the instant case. Common law remedies such as habeas corpus and coram nobis were not abolished, but merely supplanted by the Act in circumstances such as this. See 19 P.S. § 1180-2; *Commonwealth v. Sheehan*, 446 Pa. 35, 285 A.2d 465 (1971). The appellant's efforts to bypass such orderly procedures as are established by the Act, by

filing repetitious claims under the titles of various common law writs, cannot be sanctioned.

Affirmed.