385 A.2d 448

**COMMONWEALTH of Pennsylvania**

v.

**Dillard W. ROBINSON, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted April 11, 1977.

Decided April 13, 1978.

Simon B. John, Assistant Public Defender, and Thomas P. Ruane, Jr., Public Defender, Uniontown, for appellant.

Conrad B. Capuzzi, District Attorney, Uniontown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Complaint was filed against appellant Dillard W. Robinson, Jr. on May 15, 1975, charging him with robbery. Appellant was indicted on August 15, 1975 at Nos. 441 and 441½ for robbery and theft by receiving stolen property. Since it became clear that, because of unavailability of court room space, appellant could not be brought to trial by November 11, 1975 (the 180th day after the complaint was filed), the Commonwealth on October 20, 1975 filed a petition for an extension of time. Hearing was held on this petition on October 27, 1975, at which time attorney Charles C. Gentile appeared in place of appellant's attorney, William Duffield, Esq., and objected to the continuance. On November 25, 1975, the lower court issued an order extending the time for trial to the December term of court. Appellant's case was called on December 3, 1975, and appellant's new counsel, Mr. Gentile, made an oral motion to dismiss for failure of the Commonwealth to try appellant within 180 days. Mr. Gentile moved alternatively for a continuance. The lower court granted the motion for a continuance without prejudice to appellant's right to a determination of the Rule 1100 issue. (The record discloses that appellant took no further action on the Rule 1100 issue until he filed his PCHA petition). On January 19, 1976, appellant appeared in court to enter a guilty plea pursuant to a plea bargain. The court accepted the plea and sentenced appellant in accordance with the bargain on May 28, 1976 on each indictment to make restitution in the amount of $606 and to serve concurrent terms of three to six years imprisonment.

 Appellant filed no petition to withdraw his guilty plea,[1] and took no direct appeal,[2] but on June 14, 1976 filed a petition for relief under the Post Conviction Hearing Act.[3]

1. In *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975) and *Commonwealth v. Smith*, 248 Pa.Super. 392, 375 A.2d 154 (1977) our court made it clear that failure of an appellant to challenge the voluntariness of his guilty plea by means of a petition to withdraw the plea would result in a waiver of the right to challenge the validity of the plea on appeal to our court. In the case before us, appellant was not advised by the lower court that he would have the right to file post-verdict motions, we are therefore precluded from finding a waiver because of appellant's failure to file a petition to withdraw his plea. See the order of the Pennsylvania Supreme Court in *Commonwealth v. McCusker* (No. 2850 Allocutur Docket, filed September 21, 1977), citing Pa.Rule of Criminal Procedure 1123 and *Commonwealth v. Tate*, 464 Pa. 25, 346 A.2d 1 (1975). It should be noted that the procedure to be followed by a defendant after entry of a guilty plea, prior to appealing to our court, is now contained in Pa.Rule of Criminal Procedure 321.

2. Ordinarily, the failure of an appellant to raise issues on direct appeal will result in a waiver of the right to raise those issues in PCHA proceedings. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–4; *Commonwealth v. Murray*, 452 Pa. 282, 305 A.2d 33 (1973). As appellant pointed out, however (both at the PCHA hearing and in his brief to our court), he was not advised by the trial court that he had a right to file an appeal and that such appeal would have to be filed within 30 days. We are therefore precluded from finding that appellant's failure to file a direct appeal operated as a waiver of the right to litigate issues in PCHA proceedings. See *Commonwealth v. Norman*, 447 Pa. 217, 285 A.2d 523 (1971); *Commonwealth v. Gilmer*, 441 Pa. 170, 270 A.2d 693 (1970); *Commonwealth v. Hall*, 430 Pa. 163, 242 A.2d 241 (1968).

3. In *Commonwealth v. Lee*, 460 Pa. 324, 327, 333 A.2d 749, 750 (1975), our Supreme Court stated that "where the *only* challenge to the proceedings in the trial court is directed to the validity of the plea itself, the proper procedure is first to file with that court a petition to withdraw the plea." (Emphasis added). In the case before us, appellant raised the issue of the voluntariness of his plea along with the issue of the legality of his sentence, respectively, at his PCHA hearing and in his PCHA petition. For us to hold that appellant should have raised one issue in one manner (petition to withdraw guilty plea) and the other in a different way (petition to correct sentence or PCHA petition) would not be acting in the interest of judicial economy. The reason for requiring a petition to withdraw the plea is to give the lower court an opportunity to review the voluntariness of the plea and perhaps avoid unnecessary appeals; this goal is attained when the lower court examines the voluntariness of a guilty plea along with the legality of the sentence in a PCHA proceeding. See *Commonwealth v. Beatty*, 474 Pa. 104, 376 A.2d 994

In this petition, appellant raised the following issues: the introduction of evidence obtained pursuant to an unlawful arrest, the introduction of evidence obtained by an unconstitutional search and seizure, double jeopardy, and the abridgement of a right guaranteed by the constitution or laws of this state or by the constitution or laws of the United States. Appellant did not claim in his PCHA petition that his plea of guilty had been unlawfully induced or that he had been ineffectively represented by counsel. Relief requested by appellant was "release from custody and discharge" and "correction of sentence."

On June 21, 1976, new counsel, the Public Defender, was appointed to represent appellant. Hearing was held on the PCHA petition on July 13, 1976, and appellant's attorney questioned appellant about the allegedly-unlawful arrest and search:

> "Q. In your post conviction petition you alleged the introduction of evidence obtained pursuant to an unlawful arrest. Would you tell the Court what you mean by that?
>
> A. Unlawful arrest, what I'm saying is that information, I believe, that was received to give them enough substance to issue an arrest warrant was not grounds to have an arrest issued. Now, on the illegal search, and which it was, there was no one at my home and the home did not belong to me, and what would have gotten from my house it wasn't relevant to this case, as far as evidence."

No evidence was presented to substantiate appellant's allegation of an illegal arrest and search. Appellant was. questioned further and contended, for the first time, that his guilty plea was involuntary because brought about by an allegedly-illegal arrest:

> "Q. Was it [the evidence] used?

(1977), in which an appellant's use of PCHA proceedings, instead of a petition to withdraw the guilty plea, to raise the issue of an involuntary guilty plea was held not to result in a waiver of the right to challenge the voluntariness of the plea.

A. No, it wasn't used. It had never gotten to trial, but this brought about my plea of guilt.

Q. You say that the evidence that was obtained and the illegal arrest brought about the plea of guilty on your part?

A. Yes."

The explanation of the double jeopardy issue went as follows:

"Q. You say by being twice placed in jeopardy. What do you mean by that?

A. What I mean by being placed in twice jeopardy, is that on December 3rd, after I had went to trial for two other criminal charges, and being gound [sic] not guilty, immediately after that, prosecutor Roskovensky had asked the next case be heard, which was case 441. Now, my attorney, Charles Gentile, he objected because it would show prejudice to his client, which was me, that the 180 Rule 1100 had elapsed, and Judge Adams said that by December 22nd that there would be a hearing heard whether or not to dispose of this case or to have it go to trial. So me thinking that I might have a hearing because I believed it was due for me to have one, on January 19th I come to trial before your Honorable, Judge Cicchetti."

The court below permitted appellant to explain his position on the Rule 1100 issue, however appellant merely contended that he had not consented to any continuance of his case, and was not notified of any continuance which might have been granted by the court. Appellant's explanation of the fourth block checked on his PCHA form was a vague allegation that his 14th Amendment due process and equal protection rights had been violated. Appellant did not contend that there was any connection between the double jeopardy, Rule 1100, and 14th Amendment violations and the voluntariness of his guilty plea. No mention was made of the sentence being illegal; no allegation was made by appellant that he had been ineffectively represented by counsel.

■ Appellant now argues on appeal to our court that his guilty plea was unlawfully induced because he was not informed by the lower court that a guilty plea would result in a waiver of the right to subsequently raise various issues (unlawful arrest, unlawful search and seizure, double jeopardy, and violation of Rule 1100). Our Supreme Court has held that where the court below has not had a proper opportunity to decide a question, the question will not be decided on appeal. *Commonwealth v. Bittner*, 441 Pa. 216, 221, 272 A.2d 484 (1971). In the case before us, appellant, although represented by counsel at the time, did not raise this issue anywhere below in the PCHA proceedings. This issue is therefore waived.

■ Appellant also argues that his guilty plea was induced by an allegedly-illegal arrest and search and was therefore involuntary. It is clear that when a defendant wishes, *after the imposition of sentence*, to withdraw his guilty plea, there must be a showing of prejudice on the order of manifest injustice. *Commonwealth v. Hayes*, 462 Pa. 291, 300, n.7, 341 A.2d 85 (1975); *Commonwealth v. Starr*, 450 Pa. 485, 490–91, 301 A.2d 592 (1973). Whether or not a guilty plea brought about by an illegal arrest and search constitutes "prejudice on the order of manifest injustice", it is clear that the burden is on appellant to prove that his guilty plea was involuntary, *Lee*, 460 Pa. at 328, 333 A.2d 749, and we find that appellant in the case before us failed to prove his plea involuntary. At the PCHA hearing, appellant argued that the warrant for his arrest had been issued on insufficient information, and that a search of his residence was illegal for three reasons: the house searched did not belong to appellant, no one was home at the time, and nothing relevant to the case could have been obtained from the house. No evidence of any kind was presented by appellant to prove his allegations. Since appellant failed to sustain his burden of proving that his guilty plea was not voluntarily entered, the lower court properly denied appellant relief.

Order affirmed.

JACOBS, President Judge, and CERCONE and PRICE, JJ., concur in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.