386 A.2d 159

**COMMONWEALTH of Pennsylvania**

v.

**Gary Dwayne WATERS, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 16, 1977.

Decided April 28, 1978.

Gregory V. Smith, Public Defender, Williamsport, submitted a brief for appellant.

Robert F. Banks, First Assistant District Attorney, Greenville, with him Allen E. Ertel, District Attorney, Williamsport, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Appellant entered a plea of guilty on May 21, 1976, to counts of burglary, theft, conspiracy and criminal attempt—murder. On September 13, 1976, prior to sentencing, appellant made an oral request to withdraw his guilty plea. Sentencing was postponed, and on September 20, 1976, the appellant presented a written application to withdraw his guilty plea—contending that he had committed the crimes charged under duress, and was therefore not guilty of the offenses. His application was denied and appellant was sentenced to a term of 5 to 20 years imprisonment.

The facts relevant to this appeal involve an incident on the morning of April 14, 1976. The appellant and Paul Allens set out on a robbery spree with a rifle and shotgun. They broke into a house occupied by a Terry Brennan and Diane Brick—finding the two in bed. Allen made sexual advances toward Miss Brick, then fired one round between the couple. Waters asked Brennan for his money and then took money out of his wallet from his pants laying on the floor. Allen later shot Brennan in the neck, and was going to shoot the girl but Waters dissuaded him. Waters later urged Brennan to feign death so that it would appear to Allen that he was dead, and then Waters shot into the wall over Brennan's head. When Waters told Allen that he had finished off Brennan, Allen grabbed Waters gun, and Waters feared that Allen was then going to shoot him. But Allen returned the gun to him, and as Allen turned to walk away, Waters shot and killed him. Waters then told Miss Brick to call for an ambulance. Brennan later died as a result of being shot by Allen.

Appellant raises two issues on appeal: (1) Whether his plea of guilty was voluntarily, understandingly and intelligently tendered; and (2) whether the trial court erred in not allowing the appellant to withdraw his guilty plea.

■ Initially, the appellant argues that he was charged with two inchoate crimes in violation of the Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 C.P.S.A. § 906 (1973).[1] However, Waters pled guilty to the charges of conspiracy to commit burglary and theft. The charge of criminal attempt—murder is related to the attempted murder of the victim which was within the orbit of the risk of a shared criminal intent and venture.

■ The appellant further argues that the court erred in not permitting him to withdraw his guilty plea. It should be noted that the record contains a very thorough and complete colloquy meeting the standards set forth in *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974) and under Pa.R.Crim.P. 319. However, subsequent to appellant's guilty plea, and prior to sentencing, the victim died. The appellant is now awaiting trial on a charge of murder. Even though Waters was informed at the time of his plea that the Commonwealth might charge him with murder if the victim died, this situation is clearly a "very unusual circumstance" justifying withdrawal of his guilty plea. *See Commonwealth v. Phelan*, 427 Pa. 265, 234 A.2d 540 (1967), *certiorari denied* 391 U.S. 920, 88 S.Ct. 1803, 20 L.Ed.2d 657.

In *Commonwealth v. Boofer*, 248 Pa.Super. 431, 375 A.2d 173 (1977), we held that "where there was no showing of prejudice to the prosecution and where defendant supported his request for withdrawal by asserting his innocence, it was an abuse of discretion not to permit defendant to withdraw the guilty plea." In the instant case, the Commonwealth does not argue substantial prejudice, and the same evidence would be offered at any subsequent trial on the murder charge.

1. "A person may not be convicted of more than one offense defined by this chapter for conduct designed to commit or culminate in the commission of the same crime."

■ A request to withdraw made prior to sentencing should he liberally allowed absent any substantial prejudice to the Commonwealth since a plea of guilty involves a waiver of constitutional rights guaranteed an accused. *See Commonwealth v. Boofer, supra; Commonwealth v. Woods,* 452 Pa. 546, 307 A.2d 880 (1973) and *Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268 (1973).

The judgment of sentence is reversed and the record remanded with instructions to permit appellant to withdraw his guilty plea.

WATKINS, former President Judge, did not participate in the consideration or decision in this case.