437 A.2d 431

COMMONWEALTH of Pennsylvania

v.

Nicholas KARABIN, Jr., Appellant.

Superior Court of Pennsylvania.

Argued June 9, 1980.

Filed Nov. 20, 1981.

Todd J. O'Malley, Scranton, for appellant.

Ernest Preate, District Attorney, Scranton, for Commonwealth, appellee.

Before BROSKY, HOFFMAN and CIRILLO, JJ.*

BROSKY, Judge:

■ On January 17, 1979, appellant, Nicholas Karabin, pleaded guilty to a charge of aggravated assault. On March 27, 1979, a hearing was held at which Karabin was sentenced, however, prior to his sentencing, he presented to the court a request to withdraw his plea. Saying that the District Attorney should have an opportunity to review the motion, the trial court postponed ruling on it until a future date. The court did, however, proceed with sentencing

---

* Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania is sitting by designation.

imposing upon appellant a sentence of not less than five years nor more than ten years imprisonment. Trial counsel did not object to the lower court's sentencing procedure. Therefore, Karabin has waived any claim that the procedure followed at the hearing was improper. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). On appeal, however, appellant claims that trial counsel was ineffective in failing to object to the trial court's actions at the sentencing hearing. Appellant is represented by new counsel and the issue is properly before us. We agree that trial counsel was ineffective and therefore reverse the order of the trial court and remand to that court for a hearing on Karabin's motion to withdraw the guilty plea.

On April 6, 1979, Robert Christiano was shot in the back of his neck. Christiano subsequently identified Karabin as the man who shot him. Karabin was also identified as the assailant by a witness to the incident who saw Karabin run across a street very shortly after he heard the sound of a gun shot emanate from that street.

At trial, the testimony given at another trial by Leith Howell, Karabin's paramour, was stipulated by the Commonwealth and by Karabin and incorporated by reference into the trial. She stated that she had lived with Karabin at various times and that he had said to her that he planned to commit a series of slayings including that of taking his own life based upon the theory that such a pattern of action would withdraw him from suspicion as to the murder of his wife. Ms. Howell also stated that on the date of incident involved in the instant case that she had travelled with Karabin in his car to a location a few blocks from the location at which the assault occurred. She claims also that Karabin told her at some later time, after she had left the car and subsequently returned, that he had shot a person.

■ The standard by which we review ineffectiveness of counsel cases is well established. First, we must determine whether the issue underlying the claim is of arguable merit. *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978); *Commonwealth v. Jennings*, 285 Pa.Super. 295, 427 A.2d 231

(1981). If the issue is found to have arguable merit then we must determine if the trial counsel's actions had some reasonable basis. If any reasonable basis exists, counsel cannot be found to have been ineffective. *Commonwealth v. Evans*, 489 Pa. 85, 413 A.2d 1025 (1980); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

We find no reason to remand for an evidentiary hearing on this issue because it is quite clear from the record that the claim lost by reason to object to the sentencing procedure was of arguable merit. See *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). We are able to reach this conclusion after an independent review of the record. See *Commonwealth v. Crawford*, 285 Pa.Super. 169, 427 A.2d 166 (1981).

Pennsylvania Rule of Criminal Procedure 1405 provides:

Rule 1405. Sentencing Proceeding

At the time of sentencing, the judge shall:

(a) ...

(b) ...

(c) advise the defendant on the record:

(2) of the right to file motions challenging the propriety of the sentence (and, in the case of a plea of guilty, the validity of the plea or the denial of a motion to withdraw the plea);

We have consistently held that a motion to withdraw a guilty plea presented a trial judge at a sentencing hearing prior to the imposition of a sentence pursuant to Pa.R.Cr.P. 1405 shall be responded to by the trial court prior to the imposition of sentence. *Commonwealth v. Waters*, 255 Pa. Super. 107, 386 A.2d 159 (1978). Our Supreme Court has stated that requests to withdraw guilty pleas made prior to sentencing shall be granted liberally absent any substantial prejudice to the Commonwealth. *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973). This standard is in stark contrast to that provided for the withdrawal of a guilty plea after the imposition of sentence. A defendant can only withdraw his guilty plea after sentencing where he can

demonstrate a showing of substantial prejudice amounting to manifest injustice exists against him. *Commonwealth v. Robinson*, 253 Pa.Super. 496, 385 A.2d 448 (1978). Thus, the timing of a motion to withdraw a guilty plea is of substantial importance to a defendant.

As a result of this failure to object, appellant lost the chance to demand that the more lenient pre-sentencing standard be applied to his motion. It is clear that the trial court did not apply a pre-sentence standard. In its opinion the court wrote, "We have no doubt that the sentence imposed on defendant is what prompted his immediate request to withdraw his plea."

We find no reasonable basis for trial counsel's failure to object to the deferral of a ruling on the motion until after sentence had been imposed. Entering an objection would not have prejudiced appellant's position at the sentencing hearing. Defense counsel's failure to object did not aid appellant in any way. Furthermore, we see no way in which it was designed to further appellant's interests. A claim of at least arguable merit was waived without reason.

Accordingly, we vacate Karabin's sentence and remand to the trial court for a *pre-sentence* hearing on Karabin's motion to withdraw his guilty plea. *Commonwealth v. Hubbard*, supra.[2]

CIRILLO, J., files dissenting opinion.

**2.** We do not agree with Judge Cirillo's statements. We are limited to the facts of record which include no evidence of "judge shopping." Such speculation by our court as to the reasons for litigants' actions is improper. We cannot condone the actions of the trial court herein upon some speculative theory that Karabin was attempting to manipulate our jurisprudential system in a manner so as to assure himself a lenient sentence.

The law is quite clear that a defendant is to be given liberal opportunity to withdraw his guilty plea prior to sentencing. We cannot find any merit in these contentions. The defendant's privilege to withdraw his guilty plea, though not an absolute right, is given great deference in our system of jurisprudence so as to assure that no defendant pleads guilty to an offense to which he believes and desires to assert his innocence. It appears to us that this is the very bedrock of our system of justice. We must permit a defendant

CIRILLO, Judge, dissenting:

There are two standards for the court to use in deciding whether to allow a defendant to withdraw his or her guilty plea. The court's determination of which standard to use depends on whether the request for withdrawal of the plea was prior to sentence or after the sentence.

Pennsylvania case law states that pre-sentence requests for withdrawal should be "liberally allowed" in light of the gravity of the plea and the defendant's waiver of numerous rights. Pre-sentence withdrawal should be permitted for any "fair and just" reason unless the prosecution has suffered substantial prejudice. *Commonwealth v. Hayes*, 462 Pa. 291, 341 A.2d 85 (1975). The stricter post-sentence standard states that there must be "manifest injustice" towards the defendant before the court will permit withdrawal of the plea. This distinction is the basis for the majority's decision in this case, that is, whether the guilty plea was withdrawn before or after sentencing. The pre-sentence and post-sentence distinction, however, is marginal in that it fails to account for a substantial prejudice towards the Commonwealth that occurs in both pre- and post-sentencing, judge shopping.

Judge-shopping by means of a guilty plea is a practice used by defense attorneys whereby the attorney will instruct his client to plead guilty in front of a judge if the attorney does not want that judge to try his client's case or if a continuance is denied, as in this case. Either before or after sentence, the defendant will request to withdraw his plea. If the request is granted, the defendant's attorney will ask the judge who heard the guilty plea to recuse himself because of the prejudicial information that the judge heard in the defendant's guilty plea. The judge should and almost always will honor this request. *Commonwealth v. Goodman*, 454 Pa. 358, 311 A.2d 652 (1973). The defense attorney, therefore, has effectively eliminated the judge from further proceedings in the hope of getting a more lenient judge.

to assert his innocence until he has been proven guilty or choses to plead his guilt.

In *Commonwealth v. McLaughlin*, 469 Pa. 407, 366 A.2d 238 (1976), the prosecution argued that it would be substantially prejudiced if the defendant were permitted to withdraw his guilty plea because the witnesses at the guilty plea might refuse to testify at a trial. The court responded to this argument by stating that the possibility of the witnesses refusing to testify at trial was only speculation and the prosecution was not substantially prejudiced. One could argue that a court would be speculating and thus (the Commonwealth is) not substantially prejudiced if the court refused to allow withdrawal of a guilty plea because it believed that the defense attorney was judge-shopping. However, the facts of this case illustrate the belief that judge-shopping is more than speculation.

The defendant's attorney came before Judge Caldwell and asked for a continuance because he felt that his client was incompetent to stand trial. A continuance, if granted, would postpone the case to a later term and a judge would be randomly selected to hear the proceedings. The defendant, thus, would have a good chance of having another judge hear his case. However, a psychiatrist testified that the defendant was competent, and Judge Caldwell denied the continuance. The defendant then pled guilty before Judge Caldwell. The Judge heard the plea (and conducted a guilty plea colloquy) and found that the defendant entered his plea knowingly and voluntarily. It is apparent that the defendant (with an overwhelming amount of evidence against him) attempted to withdraw his plea in an attempt to remove Judge Caldwell from the case. If the withdrawal is granted, Judge Caldwell should recuse himself from trial because hearing the defendant's guilty plea would be sufficient to prejudice the defendant. The defendant does not have to demonstrate that the guilty plea would actually influence the judge as long as it is sufficient to give rise to prejudice. *Commonwealth v. Goodman*, 454 Pa. 358, 311 A.2d 652 (1973). Thus, the defendant has attempted, through a request for a continuance, a guilty plea and then a request for a withdrawal of the guilty plea, to judge-shop. Although

the defendant must still stand trial, the majority's decision to grant the withdrawal substantially prejudices the Commonwealth and destroys one of the most important purposes behind random judge selection.

If the defendant is permitted to withdraw his plea, he should not be permitted to take the stand and deny his guilt under oath since he already admitted his guilt under oath. Also, his lawyer should not be permitted to call witnesses to contradict the defendant's admission under oath for such conduct would be unethical. Any claim of privilege of attorney-client relationship is waived by the defendant's admission in open court, under oath, of his guilt. The court can envision occasions where the above rule can be set aside because of misunderstanding, duress, or the admission not having been intelligently and voluntarily made; but in those cases, the burden would be on the defendant to fall within the exception of the rule. For these reasons, I respectfully dissent.