462 A.2d 768

**COMMONWEALTH of Pennsylvania**

**v.**

**Russell Elmer KISSINGER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 22, 1983.

Filed June 24, 1983.

14

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

°Before HESTER, JOHNSON and POPOVICH, JJ.

JOHNSON, Judge:

Following pleas of guilty to charges of robbery,[1] theft,[2] two counts of simple assault,[3] terroristic threats,[4] and resisting arrest,[5] appellant was sentenced to 1½ to 4 years on the robbery charge, 1 to 2 years on each of the simple assault charges, the terroristic threats charge, and the resisting arrest charge (all to be served consecutive to the sentence for robbery but concurrent with each other), and a sentence of 1 to 3 years on the theft charge (to be served concurrent with the sentences imposed for simple assault and terroristic threats).[6]

A timely motion to modify sentence was filed and denied, followed by a direct appeal to this court on October 23, 1981. The record establishes that appellant was represented by counsel at his guilty plea tender on July 17, 1981, and at time of sentencing on September 25, 1981, as well as for the post-sentence motion to modify. Counsel was the same attorney from the Office of the Public Defender throughout the pre-appeal proceedings. The judge at both the guilty plea and sentencing proceedings was the Honorable Paul A. Mueller.

Between the date of the acceptance of the guilty plea,[7] on July 17, 1981, and the date of sentencing, September 25, 1981, the appellant, while still represented by counsel, filed a *pro se* Petition for Withdrawal of Guilty Plea, from the Lancaster County Prison. From the record, we note that both the Petition and a cover letter directed to the Lancas-

1. 18 Pa.C.S.A. § 3701.

2. *Id.* § 3921(a).

3. *Id.* § 2701(a)(1).

4. *Id.* § 2706.

5. *Id.* § 5104.

6. The robbery occurred January 10, 1981. The theft occurred March 3, 1981. The simple assault and remaining offenses all occurred April 3, 1981.

7. Notes of Guilty Plea, July 17, 1981, p. 14.

ter County Clerk of Courts are dated September 4, 1981. Both documents were filed in the clerk's office on September 8, 1981. Appellant in his cover letter expressly requested that the Petition "be filed and directed to the Honorable Ronald L. Buckwalter, Judge."

As soon as Judge Mueller, the sentencing court, learned of the *pro se* petition, on or about October 29, 1981 and following the perfecting of the appeal to this court from judgment of sentence, he scheduled a hearing on the petition for November 24, 1981. Although the notes of testimony from such hearing have not been included in the record certified to this court on appeal, we note from the Memorandum Opinion filed on or about November 25, 1981 [8] that appellant testified that he never said anything to his attorney prior to sentencing concerning his filing of the *pro se* Petition for Withdrawal of Guilty Plea. We note further that appellant's counsel also testified at the November 24th hearing that he knew nothing about the Petition at the time of sentencing and only learned about that Petition later.

Our independent review of the sentencing transcript satisfies us that appellant was afforded time to review the pre-sentence report and consult with his attorney during a recess in the sentencing proceedings. Thereafter, when asked by the court whether there was anything that he wanted to add or say to the court prior to sentence being imposed, appellant simply responded:

Just that I have a drinking problem.

Finally, we note that the Motion to Modify Sentence filed on October 5, 1981 (but acknowledged by counsel for appellant on September 30, 1981) cites only the alleged excessiveness of sentence as grounds for modification. This motion was denied by the sentencing court on October 6, 1981, by opinion and order.

On September 28, 1981, unbeknownst to the sentencing judge, the Honorable Ronald L. Buckwalter entered a rule

8. The Memorandum Opinion was certified from the trial court record on November 25, 1981, but bears a filing stamp in the Superior Court dated April 22, 1982. The Order accompanying the Opinion is dated November 24, 1981.

upon the Commonwealth to show cause why the defendant's Petition for Withdrawal of Guilty Plea should not be granted, returnable in 20 days.

On this appeal, appellant presents two questions for our review:

(1) Whether the sentence imposed on September 25, 1981 was invalidated by the sentencing court's failure to consider the *pro se* petition to withdraw the guilty plea filed on September 8, 1981 with directions for delivery to another judge?

(2) Whether the sentence resulting in a minimum of 2½ and a maximum of 7 years, to begin at the expiration of any and all sentences being served or imposed prior to September 25, 1981, is excessive under the circumstances?

Finding no error, we affirm.

■ Initially, we note that the sentencing court, by its Memorandum Opinion of November 24, 1981, has requested this court to remand the record to Number 255 of 1981, Lancaster County Court of Common Pleas (the robbery conviction) in order that a trial may be held on the robbery charge. The basis for the trial court's request is that the *pro se* Petition for Withdrawal of Guilty Plea was filed before the date of sentencing and was in the hands of another judge of that court, but not the proper judge, due to the appellant's directions. The sentencing court, believing a "mistake" had been made by the appellant in submitting his petition for withdrawal, reasoned that the petition should be granted. We cannot agree.

The judgment of sentence was entered on September 25, 1981 at a proceeding where the appellant was aware of the petition which he had filed without notice to either his own counsel or the sentencing court, and where the defendant chose to remain silent as to his independent act. The appeal from that sentence was timely filed on October 23, 1981.

■ Generally, a trial court is precluded from proceeding further in any matter after an appeal has been taken; Pa.R.A.P., Rule 1701(a); *Commonwealth v. Borris*, 280 Pa.Super. 369, 421 A.2d 767 (1980). While certain excep-

tions are expressly provided under Rule 1701(b), our review of the rule does not permit us to conclude that the facts, here involved, comport with any of the exceptions.[9] Although Rule 1701(b)(3) permits reconsideration of an order which is the subject of the appeal, the two express conditions required to permit operation of the exception are that (1) the application for reconsideration be filed in the trial court within the time prescribed by law, *and* (2) any order "expressly granting reconsideration" be filed in the trial court within the time prescribed for the filing of the notice of appeal.

■ We have no difficulty in concluding that the petition for withdrawal of the guilty plea was filed within the time prescribed by law. Rule 320 of the Rules of Criminal Procedure provides:

> At any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted.

However, we do not view the entry of Judge Buckwalter's rule to show cause, on September 28, 1981, as "an order

---

9. Rule 1701, in pertinent part, provides:

**Rule 1701.  Effect of Appeal Generally**

**(a) General rule.**  Except as otherwise prescribed by these rules, after an appeal is taken ... the lower court ... may no longer proceed further in the matter.

**(b) Authority of lower court or agency after appeal.**  After an appeal is taken ... the lower court ... may:

(1) Take such action as may be necessary to preserve the status quo, correct errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal ...

(2) Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.

(3) Grant reconsideration of the order which is the subject of the appeal ... if:

(i) an application for reconsideration of the order is filed in the lower court ... within the time provided or prescribed by law; and

(ii) an order expressly granting reconsideration of such prior order is filed in the lower court ... within the time prescribed by these rules for the filing of a notice of appeal ... with respect to such prior order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

expressly granting reconsideration of such prior order" as contemplated by Rule 1701(b)(3)(ii). In point of fact, the only order subject to reconsideration in this case is the judgment of sentence entered September 25, 1981, filed some three days prior to the entry of the rule to show cause.

On October 29, 1981, the sentencing court did issue an order directing that a hearing be held on appellant's petition for withdrawal of guilty plea and a hearing was fixed on the petition for November 24, 1981. Even if we were to accept this order as meeting the requirement of the express grant of reconsideration of a prior order of the sentencing court, its issuance some thirty-four days following sentencing takes it beyond the period of time within which the sentencing court could properly take action pursuant to Pa.R.A.P. 1701(b).

We thus must conclude that both the order of the sentencing court seeking to reconsider the guilty plea, and the order of November 24, 1981 seeking to grant appellant leave to withdraw his guilty plea on the robbery charge, are of no force or effect.

Because we find that neither the action of Judge Buckwalter, in issuing the rule to show cause on September 28, 1981 (following the entry of judgment of sentence), nor the actions of Judge Mueller, directing that a hearing be held and thereafter granting the petition for withdrawal, are in compliance with Rule 1701, we need not consider what effect should be given a petition seeking withdrawal of a guilty plea which is filed before sentencing but delivered, at defendant's request, into the hands of a judge other than the sentencing judge.

We agree with the Commonwealth that the case of *Commonwealth v. Karabin*, 292 Pa.Super. 374, 437 A.2d 431 (1981) controls the disposition of appellant's first contention. In *Karabin*, the defendant had presented to the court a request to withdraw his guilty plea at the sentencing hearing, and prior to sentence being imposed. The trial court postponed ruling on the withdrawal petition and, without

objection from trial counsel, proceeded to impose a sentence of 5 to 10 years upon defendant on the charge of aggravated assault to which the defendant had pled guilty. On appeal, this court found that the defendant had waived any claim that the procedure followed at the sentencing hearing was improper, citing *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

■ Here, we are constrained to conclude that appellant, by not objecting to the sentencing procedure and by withholding from both his own attorney and the sentencing court his unique knowledge of his earlier request to withdraw his guilty plea, has waived any claim relating to the regularity of his sentence.

■ With respect to appellant's second issue concerning the alleged excessiveness of the sentence, we have carefully reviewed the Notes of Guilty Plea of July 17, 1981, the Sentencing Transcript of September 25, 1981 and the concise Memorandum Opinion and Order filed October 6, 1981 by the Honorable Paul A. Mueller in response to the Motion to Modify Sentence. We find the issue to be wholly without merit. The Memorandum Opinion of the trial court fully disposes of the matter and is accepted, on this issue, for purposes of allocatur.

Judgment of sentence is affirmed.