J-A04001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATASHA MARIE STOVER | |
| Appellant | No. 839 MDA 2017 |

Appeal from the Judgment of Sentence imposed April 27, 2017
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0004644-2015

BEFORE: STABILE, NICHOLS, AND RANSOM,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 23, 2018**

Appellant, Natasha Marie Stover, appeals from the judgment of sentence imposed on April 27, 2017 in the Court of Common Pleas of York County following her entry of a guilty plea to criminal conspiracy to commit homicide and related offenses. Appellant contends the trial court abused its discretion in imposing its sentence. Appellant also contends the trial court erred in imposing sentences for two inchoate crimes. Following review, we affirm.

In its Rule 1925(a) opinion, the trial court provided the following factual background:

_____

[*] Retired Senior Judge assigned to the Superior Court.

On and between December 1, 2014 and April 19, 2015, [Appellant] and her co-defendant (and boyfriend at the time) Marcus Bordelon ("Bordelon") agreed and planned to murder Samantha Young ("Young"). In April 2015, Marcus Bordelon murdered Young, who was his ex-girlfriend and mother of his young child. Although Appellant was not present at the killing, her text messages with Bordelon indicated that she had wanted to be there. Evidence included test messages exchanged between Appellant and Bordelon on and between the above dates which extensively detailed the plot to kill Samantha Young as well as James Horn ("Horn").[2] Appellant had bought a bag of lime for the murder, and after Young's murder, Appellant moved Young's car.

> [2] James Horn was the victim's boyfriend at the time of the murder. The text messages between Bordelon and Stover first discussed planning James Horn's murder. However, this was not accomplished despite their extensive planning. It should be noted that James Horn was not murdered and is not a victim in this case.

Trial Court Rule 1925(a) Opinion, 7/14/17, at 1 (additional footnote omitted).

The trial court summarized the procedural background as follows:

Appellant pled guilty to one count conspiracy to commit criminal homicide, one count obstructing the administration of law and one count criminal conspiracy to obstruct the administration of law. For this case, Appellant was sentenced to twelve years and six months to twenty-five years incarceration with twelve (12) months probation to run consecutive to the prison sentence.

*Id.* at 2.[1]

Appellant filed a timely appeal from her judgment of sentence. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant now asks us to consider two issues in this appeal:

---

[1] On the obstruction and conspiracy to commit obstruction counts, the trial court imposed identical sentences of 12 months' probation, noting that the sentences would run concurrently with each other but consecutive to Appellant's sentence for conspiracy to commit homicide. Notes of Testimony ("N.T."), Sentencing, 4/27/17, at 63-64.

1. Whether the lower court abused its discretion at the time of sentencing?

2. Whether the lower court erred/abused its discretion when it sentenced [Appellant] to 12 months probation on the criminal conspiracy to obstruct consecutive to the criminal conspiracy to commit a homicide charge?

Appellant's Brief at 4.

Appellant's first issue presents a challenge to the discretionary aspects of sentence. "A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." *Commonwealth v. Grays*, 167 A.3d 793, 815 (Pa. Super. 2017) (citation omitted). Before we can reach the merits of a discretionary aspects challenge,

> [w]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 815-16 (quoting *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted)). Here, Appellant filed a timely notice of appeal, satisfying the first prong of the test. However, Appellant has not satisfied the second prong of the test.

A review of the docket reveals that Appellant did not file any post-sentence motions. Further, a review of the sentencing transcript reveals that the issue was not properly preserved at sentencing. As this Court reiterated

in **Commonwealth v. Griffin**, 65 A.3d 932 (Pa. Super. 2013), "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. *Absent such efforts, an objection to a discretionary aspect of a sentence is waived.*" **Id.** at 936 (quoting **Commonwealth v. Lamonda**, 52 A.3d 365, 371 (Pa. Super. 2012) (emphasis in original) (additional citation omitted). Because Appellant failed to preserve a discretionary aspects of sentence issue either in a post-sentence motion or at the time of sentencing, she was waived her discretionary aspects of sentencing issue on appeal.

In her second issue, Appellant challenges the legality of the sentence for criminal conspiracy to obstruct that the trial court imposed consecutive to the sentence for criminal conspiracy to commit homicide. Unlike the discretionary aspects of sentence issues, a challenge to the legality of sentence can never be waived. **See, e.g., Commonwealth v. Kline**, 166 A.3d 337, 340 (Pa. Super. 2017) (citation omitted).

"Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary." **Id.** at 340-41 (quoting **Commonwealth v. Wolfe**, 106 A.3d 800, 802 (Pa. Super. 2014), *aff'd*, 140 A.3d 651 (Pa. 2016) (parentheses, ellipses and additional citations omitted)).

Appellant's legality of sentence issue is based on 18 Pa.C.S.A. § 906, which provides that "[a] person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or culminate in the commission of the same crime." Appellant argues that "[t]he charge for criminal conspiracy Obstruction was part of the Criminal Conspiracy to commit homicide." Appellant's Brief at 50. We disagree.

In **Commonwealth v. Welch**, 912 A.2d 857 (Pa. Super. 2006), this Court addressed a similar challenge to imposition of sentences for two inchoate crimes: attempted murder and conspiracy to commit robbery. Rejecting Welch's argument, we explained:

> "Section 906 was designed to prevent multiple inchoate charges that carry with them the same criminal intent." **Commonwealth v. Davis**, 704 A.2d 650, 653 (Pa. Super. 1997). Under section 906, "inchoate crimes merge only when directed to the commission of the *same crime,* not merely because they arise out of the same incident." **Commonwealth v. Graves**, 510 Pa. 423, 508 A.2d 1198 (1986) (emphasis added). **See, e.g., Commonwealth v. Brown**, 336 Pa. Super. 628, 486 A.2d 441, 445 (finding that appellant's sentences for attempted burglary and conspiracy to commit burglary violate section 906, because they arise from conduct directed to the commission of the same crime); **Commonwealth v. Ford**, 315 Pa. Super. 281, 461 A.2d 1281, 1289 (1983) (stating that appellant's sentences for attempted murder, conspiracy to commit murder and possession of an instrument of crime are barred under section 906, because the facts of the case demonstrated "that the offenses were perpetrated with one objective in mind-the (attempted) killing" of the victim).

*Id.* at 859. Further,

the attempt to commit murder and conspiracy to commit robbery are independent crimes, each with their own separate factual basis and criminal purpose; that is, the objective of the attempted murder was to kill Mondragon while the objective of the conspiracy was to steal an ATV. Therefore, the trial court did not violate section 906 when it sentenced Welsh for both the conspiracy to commit robbery and attempted murder. *See Commonwealth v. Waters*, 255 Pa. Super. 107, 386 A.2d 159, 159-60 (1978) (finding that sentences for conspiracy to commit burglary/theft and attempted murder do not violate section 906 where the appellant burglarized a residence and attempted to murder an occupant within that residence).

*Id.*

Similarly, Appellant's convictions for criminal conspiracy to commit murder and criminal conspiracy to obstruct represent independent crimes, each with its own factual basis and criminal purpose. At its most basic level, Appellant's conviction for conspiracy to commit murder involved the planning of Samantha Young's murder. Her conviction for conspiracy to obstruct involved actions taken after the murder was committed in an attempt to conceal and/or alter evidence relating to the murder.

The distinction between the two crimes is apparent from a reading of relevant portions of the information filed in this case on August 19, 2015. The three counts to which Appellant entered a guilty plea and for which she was sentenced were Count 2, 5 and 6, which read as follows:

COUNT 2: CRIMINAL CONSPIRACY TO MURDER IN THE FIRST DEGREE[,] 18 Pa.C.S.A. 903(a)(1) 18 Pa.C.S.A. 2502(a) -- Felony 1st DEGREE
The Actor, with the intent of promoting or facilitating the commission of a crime, conspired and agreed with another person or persons, specifically Marcus James Bordelon that they or one or more of them would engage in conduct which constituted a

crime or an attempt to commit the crime of MURDER IN THE FIRST DEGREE, and said defendant or other persons did commit an act in furtherance thereof.

COUNT 5: OBSTRUCTING ADMINISTRATION OF LAW OR OTHER LAW ENFORCEMENT[,] 18 Pa.C.S.A. 5101 -- Misdemeanor 2nd DEGREE
The Actor intentionally obstructed, impaired or perverted the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act, namely, by acting to conceal and/or alter evidence in the death of Samantha Marie Young.

COUNT 6: CRIMINAL CONSPIRACY to OBSTRUCTING ADMINISTRATION OF LAW OR OTHER LAW ENFORCEMENT[,] 18 Pa.C.S.A. 903(a)(1) 18 Pa.C.S.A. 5101 -- Misdemeanor 2nd DEGREE
The Actor, with the intent of promoting or facilitating the commission of a crime, conspired and agreed with another person or persons, specifically Marcus James Bordelon, that they or one or more of them would engage in conduct which constituted a crime or an attempt to commit the crime of OBSTRUCTING ADMINISTRATION OF LAW OR OTHER LAW ENFORCEMENT, and said defendant or other persons did commit an act in furtherance thereof.

Information, 8/19/15, at 1-2.

Appellant's convictions of conspiracy to commit homicide and conspiracy to obstruct related to separate crimes and Section 906 does not preclude the imposition of sentences for independent crimes. **Welch, supra.** Therefore, the trial court did not violate Section 906, and consequently did not commit error of law, when it sentenced Appellant for both conspiracy to obstruct and attempted homicide.

Judgment of sentence affirmed.

- 7 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>04/23/18</u>