COMMONWEALTH of Pennsylvania, Appellee

v.

John WELCH, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 18, 2006.

Filed Nov. 28, 2006.

Joseph P. Green, Jr., West Chester, for appellant.

Nicholas J. Casenta, Jr., Asst. Dist. Atty., West Chester, for Com., appellee.

BEFORE: HUDOCK, GANTMAN, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 John Welch, Jr. appeals from the judgment of sentence following his guilty plea to the charges of criminal conspiracy (robbery) and criminal attempt (homicide). *See* 18 Pa.C.S. §§ 903, 901(a), respectively. Welch asserts that the trial court imposed an illegal sentence by sentencing him on two inchoate crimes in violation of section 906 of the Crimes Code. *See* 18 Pa.C.S. § 906. We find that the trial court properly sentenced Welch under section 906. Accordingly, we affirm the judgment of sentence.

¶ 2 On February 1, 2006, Welch pled guilty to attempted homicide and conspiracy to commit robbery. At the guilty plea hearing, Welch admitted that on July 16, 2005, around 4:15 in the morning, he and two coconspirators, Cody Gallup and William Martoia, went to a farm owned by Duane and Marilyn Hershey in order to steal an ATV. Notes of Testimony (N.T.), 02/01/06, at 3. Rigoberto Mondragon, an employee who worked on the farm, saw Welch and Mortoia on Hershey's property and chased them on foot. N.T., 02/01/06, at 3. Martoia ran into a cornfield, and Mondragon pursued Welsh, who ran towards the getaway vehicle. N.T., 02/01/06, at 3. During the chase, Welsh stopped and turned with a pistol in his hand, and at close range, he aimed and fired at Mondragon, missing Mondragon. N.T., 02/01/06, at 3. Welsh then ran to the getaway vehicle and drove off with Gallup. N.T., 02/01/06, at 3. Later that morning, Welsh and Gallup returned to the farm in order to find Martoia. N.T., 02/01/06, at 4. As they drove towards the farm, Welsh and Gallup noticed that Mondragon was waiting for them in a pickup truck. N.T., 02/01/06, at 4. Welch and Gallup drove off and Mondragon chased them. N.T., 02/01/06, at 4. During a high-speed chase, Welch fired another round in the direction of Mondragon, again missing Mondragon. N.T., 02/01/06, at 4.

¶ 3 Following the guilty plea hearing, the trial court sentenced Welch to a sentence of 8 to 20 years' imprisonment for criminal attempt (murder), along with a consecutive term of 10 years probation for conspiracy (robbery). Welch now appeals to this Court, raising the following questions for our review:

1. Did the trial Court err in imposing sentence on two inchoate crimes in violation of Section 906 of the Crimes Code?

2. Was the Defendant deprived of his constitutional right to effective assistance of counsel because trial counsel (i) inadequately prepared and investigated the case and (ii) grossly misrepresented to the Defendant that if he did not enter his pleas of guilty that he would be sentenced to

27 to 54 years in jail when he was found guilty?

Brief for Appellant at 4.

¶ 4 In his first question, Welch asserts that the trial court violated section 906 when it sentenced him on two inchoate crimes. Brief for Appellant at 9. Section 906 of the Crimes Code states: "[a] person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime." 18 Pa.C.S. § 906. "Section 906 was designed to prevent multiple inchoate charges that carry with them the same criminal intent." *Commonwealth v. Davis*, 704 A.2d 650, 653 (Pa.Super.1997). Under section 906, "inchoate crimes merge only when directed to the commission of the *same crime*, not merely because they arise out of the same incident." *Commonwealth v. Graves*, 510 Pa. 423, 508 A.2d 1198 (1986) (emphasis added). *See e.g., Commonwealth v. Brown*, 336 Pa.Super. 628, 486 A.2d 441, 445 (1984) (finding that appellant's sentences for attempted burglary and conspiracy to commit burglary violate section 906, because they arise from conduct directed to the commission of the same crime); *Commonwealth v. Ford*, 315 Pa.Super. 281, 461 A.2d 1281, 1289 (1983) (stating that appellant's sentences for attempted murder, conspiracy to commit murder and possession of an instrument of crime are barred under section 906, because the facts of the case demonstrated "that the offenses were perpetrated with one objective in mind-the (attempted) killing" of the victim).

¶ 5 In this case, the record establishes that the conspiracy to steal an ATV was not designed to commit or culminate into the attempted murder of Mondragon. Welsh and his co-conspirators were in the process of stealing an ATV. Welsh did not develop the criminal intent to commit murder until Mondragon disrupted the robbery and chased him on foot. When Welsh stopped running, aimed his firearm and shot at Mondragon, his conduct exceeded the scope of his conspiratorial agreement to steal an ATV. As such, the attempt to commit murder and conspiracy to commit robbery are independent crimes, each with their own separate factual basis and criminal purpose; that is, the objective of the attempted murder was to kill Mondragon while the objective of the conspiracy was to steal an ATV. Therefore, the trial court did not violate section 906 when it sentenced Welsh for both the conspiracy to commit robbery and attempted murder. *See Commonwealth v. Waters*, 255 Pa.Super. 107, 386 A.2d 159, 159-60 (1978) (finding that sentences for conspiracy to commit burglary/theft and attempted murder do not violate section 906 where the appellant burglarized a residence and attempted to murder an occupant within that residence).

¶ 6 In his second question, Welsh contends that his trial counsel rendered ineffective assistance because he did not adequately prepare and investigate the case, and moreover, illegally induced Welsh to enter into a guilty plea. Brief for Appellant at 10. However, in the argument section of his brief, Welsh concedes that his ineffective assistance of counsel claims are not reviewable on direct appeal under *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), and he acknowledges that such claims must be deferred until collateral review. Brief for Appellant at 10. Consequently, we will treat Welsh's second question as withdrawn.

¶ 7 For the foregoing reasons, we affirm the trial court's judgment of sentence.

¶ 8 Judgment of sentence **AFFIRMED.**