J-S50042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AKIM PIERRE | |
| Appellant | No. 3026 EDA 2014 |

Appeal from the PCRA Order September 25, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003339-2010

BEFORE: PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED SEPTEMBER 29, 2015**

Appellant Akim Pierre appeals from the order entered in the Bucks County Court of Common Pleas, which dismissed his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The trial court, which was the same as the PCRA court, previously set forth the underlying facts of this appeal as follows:

> On Monday, March 29, 2010, Claire Forte [("Victim")] opened the door to her garage, placed her purse and scarf on the passenger seat of the car, closed the door and started to walk around to the driver's side of her vehicle. As she rounded the rear of her vehicle, she realized that she forgot her umbrella and opened the trunk of her car to retrieve one.  As she was doing this, she heard a noise to her left and turned around.  Three men, including [Appellant], were standing behind her and suddenly ran toward her.

---

[1] 42 Pa.C.S. §§ 9541-9546.

The men charged at her and Appellant punched her in the face as she attempted to turn away. After hearing the men say "get her in the trunk," [Victim] reached up and pushed a button on the inside of the trunk lid that caused it to close automatically. She was then pushed to the ground and Appellant held her down and stuffed his hand in her mouth to keep her from screaming. Appellant clawed the inside of her mouth with his hand as she attempted to scream.

Appellant proceeded to place his hands around [Victim's] neck and squeeze. After that, another attacker sat on [Victim's] hips to hold her down as Appellant went back to "digging and scratching" in her mouth. [Victim] continued to struggle and scream. At some point, one of the attackers dragged [Victim] away from the car to the other side of the garage. She then watched as her Mercedes was backed down her driveway. Still located in the Mercedes was [Victim's] purse, wallet, and cell phone. During the entire ordeal, the exterior garage door was open and [Victim's] husband was sleeping inside of the home.

[Victim] watched as the two men remaining in the garage sprinted down the street to a silver Range Rover. Following the attack, [Victim's] husband contacted 911. Officer Fabrizio Catoni of the Lower Makefield Township Police Department heard the radio broadcast describing two vehicles leaving the scene of a crime in Newtown Borough. As Officer [Catoni] positioned his vehicle at the intersection of Route 332 and Interstate 95, he observed a silver Range Rover matching the broadcast description. The car was traveling eastbound on Route 332. Officer [Catoni] followed the vehicle and made a vehicle stop in Ewing, New Jersey within 15 minutes of the broadcast. Appellant was sitting in the passenger seat of the vehicle when the vehicle was stopped.

When the vehicle was searched, nylon rope was located between the driver's seat and passenger seat and a BB gun was found on the backseat. A pair of black gloves was found next to the gun. Another pair of gloves was found in the passenger door compartment. The pair of gloves

- 2 -

located in the passenger door were identified at trial by Co-Defendant [Jerry] Laventure as the gloves worn by Appellant during the attack on [Victim]. DNA testing also showed that Appellant's DNA was on both pairs of gloves.

[Victim] informed the police that approximately one week prior to the attack, she had observed a silver Range Rover on the Newtown bypass. As the car passed her, she noticed a parking pass for Princeton Junction train station hanging from the rearview mirror. [Victim] recognized the pass because she had the same one hanging from her mirror. She remembered the car because she thought it unusual to see another car driving to Newtown from Princeton Junction. When shown a picture of the vehicle [in which her attackers were apprehended, Victim] recognized this car to be the same car she saw her attackers flee to and the same car she observed on the Newtown bypass.

During trial, Co-Defendant Laventure testified that March 29, 2010 was not the group's first attempt at stealing [Victim's] car. Prior to this attack, Appellant and his two co-defendants stole two vans from Philadelphia and attempted to block [Victim's] car [on] her block. When one of the vans would not start, the plan was aborted. On another occasion, the three men parked outside of [Victim's] home. Co-defendant Laventure exited the vehicle, but Co-Defendant [Troy] Dillard apparently could not get his door open. According to Co-Defendant Laventure, [they had made] at least four attempts [to steal Victim's car] prior to the attack of March 29, 2010.

Trial Court Opinion, filed March 22, 2012, at 3-6 (citations to the record and some capitalization omitted).

The PCRA court set forth the procedural history of this appeal:

Following a waiver trial held on November 15 and 16, 2010, Appellant was found guilty of robbery (threat of immediate serious bodily injury), robbery of motor vehicle, criminal attempt (at kidnapping to facilitate the commission of a felony), theft by unlawful taking (movable property), simple assault, burglary, and criminal

conspiracy (to commit robbery).[3] Sentencing was deferred for a pre-sentence investigation and on February 10, 2011, Appellant was sentenced to serve an aggregate term of not less than 13 nor more than 28 years' confinement in a State Correctional Institution.[4]

> [3] 18 Pa.C.S. § 3701(a)(1)(ii), 3702(a), 901(a), 3921(a), 2701(a)(1), 3502(a), and 903(a)(1), respectively.
>
> [4] Appellant was sentenced as follows: four to ten years' imprisonment for the robbery conviction; three to six years' imprisonment for the attempted kidnapping conviction; three to six years' imprisonment for the burglary conviction; and, three to six years' imprisonment for the conspiracy to commit robbery conviction. The trial court ordered that "each of those [sentences] is to run consecutive to one another and not concurrent." N.T., Sentencing, 2/10/2011, p. 21.

On May 5, 2011, Appellant filed a timely PCRA petition alleging ineffective assistance of counsel for failure to file a direct appeal to the Superior Court and claiming that the trial court imposed an excessive sentence. Stuart Wilder, Esq. was appointed to represent Appellant and a PCRA hearing was held on October 3, 2011. Following the hearing, the PCRA court granted Appellant's PCRA petition and reinstated Appellant's right to file both a post-sentence motion and a direct appeal *nunc pro tunc*. PCRA Court Order, 10/17/11, p. 1.

Appellant then filed a Motion for Reconsideration of Sentence on October 13, 2011 claiming that the trial court imposed an unreasonable and unjust sentence and that the court failed to take into account and give proper weight to mitigating factors. Motion for Reconsideration of Sentence, 10/13/2011, p. 1-2. Following a hearing held on December 15, 2011, the trial court denied Appellant's motion. Appellant then filed [a] notice of appeal to the Superior Court on January 17, 2012, and the Superior Court affirmed Appellant's sentence on October 31, 2012.

Appellant then flled a PCRA Petition with [the PCRA] court on August 26, 2013. Appellant was appointed counsel and subsequently filed Amended PCRA Petitions on December 10, 2013 and August 28, 2014. [The PCRA court] held a hearing on Appellant's amended PCRA petition on August 29, 2014. Appellants PCRA petition was finally denied on September 25, 2014[.]

PCRA Court Opinion, filed February 6, 2015, at 3-4.

On October 24, 2014, Appellant timely filed a notice of appeal. On November 3, 2014, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), and he timely complied on November 24, 2014.

Appellant raises the following issues for our review:

WHETHER PREVIOUS COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A REQUESTED PETITION FOR ALLOWANCE OF APPEAL[?]

WHETHER THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO CONSECUTIVE TERMS OF IMPRISONMENT IN VIOLATION OF TITLE 18 PA.C.S. SECTION 906[?]

WHETHER APPELLANT'S CRIMES OF CRIMINAL ATTEMPT, KIDNAPPING, AND CRIMINAL CONSPIRACY TO COMMIT ROBBERY, BURGLARY, AND THEFT INVOLVE THE SAME CRIMINAL INTENT[?]

Appellant's Brief at 4.

Our well-settled standard of review for orders denying PCRA relief is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the

certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

To be eligible for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence was the result of one or more of the following:

\* \* \*

> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

\* \* \*

> (vii) The imposition of a sentence greater than the lawful maximum.

\* \* \*

42 Pa.C.S. § 9543(a)(2).

In his first issue, Appellant argues his appellate counsel was ineffective for failing to file a petition for allowance of appeal to our Supreme Court. He claims that his challenge to the court's imposition of consecutive sentences, in the aggravated range, without consideration of mitigating factors, was a challenge to the legality of his sentence. He contends that he requested appellate counsel file the petition to challenge the legality of his sentence and that appellate counsel's failure to do so was *per se* ineffective. We disagree.

This Court follows the *Pierce*[2] test adopted by our Supreme Court to review claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-i.e., that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

*Commonwealth v. duPont*, 860 A.2d 525, 531 (Pa.Super.2004), *appeal denied,* 889 A.2d 87 (Pa.2005) (internal citations and quotations omitted). The petitioner bears the burden of proving all three prongs of this test. *Commonwealth v. Meadows*, 787 A.2d 312, 319-320 (Pa.2001). "If an appellant fails to prove by a preponderance of the evidence any of the *Pierce* prongs, the Court need not address the remaining prongs of the test." *Commonwealth v. Fitzgerald*, 979 A.2d 908, 911 (Pa.Super.2009), *appeal denied*, 990 A.2d 727 (Pa.2010) (citation omitted).

Our Supreme Court has held that:

---

[2] *Commonwealth v. Pierce*, 527 A.2d 973 (Pa.1987).

in presenting a PCRA claim of ineffective assistance of counsel for failing to file a requested petition for allowance of appeal, an appellant need not show that the petition would likely have been granted, but merely that the appeal was requested and counsel failed to act. In these situations, the Supreme Court has effectively held that the prejudice prong of the test for ineffective assistance has been established *per se.*

*Commonwealth v. Bath*, 907 A.2d 619, 622 (2006), *appeal denied*, 918 A.2d 741 (Pa.2007) (internal citations omitted).

However, this Court has declined to find counsel *per se* ineffective for failing to file a requested petition for allowance of appeal where the only claim involves "challenging the merits of an upheld-on-the-merits discretionary sentencing challenge to a guideline sentence". *Commonwealth v. Rigg*, 84 A.3d 1080, 1089-90 (Pa.Super.2014). In *Rigg*, this Court found that, "because the Pennsylvania Supreme Court is generally statutorily precluded from reviewing a defendant's discretionary sentencing claim, counsel was not *per se* ineffective in not seeking a discretionary appeal after this Court affirmed Appellant's sentence where that was the lone issue Appellant wished to be reviewed." *Id.*

Here, this Court affirmed Appellant's judgment of sentence on direct appeal. *See Commonwealth v. Pierre*, No. 317 EDA 2012, filed September 10, 2012 (unpublished memorandum). Appellant claims he requested his appellate counsel file a petition for allowance of appeal to our Supreme Court and that counsel did not act upon this request. *See* N.T. PCRA Hearing, 8/29/2014, at 11. Before we deem counsel *per se*

- 8 -

ineffective, however, we must determine whether Appellant's question on appeal was one that challenged only the discretionary aspects of his sentence.

The sole question Appellant raised in his Pa.R.A.P. 1925(b) statement for his direct appeal was:

> [WHETHER] THE COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES, AND SENTENCES IN THE AGGRAVATED RANGE, BECAUSE [APPELLANT'S] PRIOR CRIMINAL RECORD DID NOT JUSTIFY IT, HE HAD SUPPORT FROM HIS FAMILY, AND HE WAS REMORSEFUL[?]

Appellant's Pa.R.A.P. 1925(b) Statement, filed January 26, 2012.

Appellant's challenge to the trial court's imposition of consecutive sentences and failure to consider mitigating factors are challenges to the discretionary aspects of his sentence, not challenges to the legality of his sentence. *See Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa.Super.2010), *appeal denied*, 14 A.3d 825 (Pa.2011) (appellant's claim imposition of consecutive sentences was excessive challenged the discretionary aspects of sentencing); *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super.2014), *appeal denied*, 105 A.3d 736 (Pa.2014) (appellant's claim court failed to consider mitigating factors challenged discretionary aspects of sentencing).  After finding that his challenge to the discretionary aspects of his sentence failed on the merits, this Court affirmed Appellant's judgment of sentence.  Thus, counsel was not *per se* ineffective

for failing to file a petition for allowance of appeal to the Supreme Court after this Court affirmed his judgment of sentence.

Likewise, Appellant fails to establish the prongs of ineffective assistance of counsel under *Pierce*. Specifically, Appellant cannot prove he was prejudiced by counsel's failure to file the petition because the Pennsylvania Supreme Court does not have jurisdiction to consider challenges to the discretionary aspects of a sentence that this Court has already addressed. *See Commonwealth v. Mouzon*, 812 A.2d 617, 622 (Pa.2002) ("Pursuant to § 9781(f) of the Sentencing Code, '[n]o appeal of the discretionary aspects of the sentence shall be permitted beyond the appellate court that has initial jurisdiction for such appeals.' 42 Pa.C.S. § 9781(f). As a result, this Court lacks jurisdiction to consider challenges to the discretionary aspects of sentences that the Superior Court has already reviewed."). Therefore, Appellant's first issue merits no relief.

In his second and third issues, Appellant argues the court erred by sentencing him to consecutive terms of imprisonment for two inchoate crimes. Specifically, he contends his crimes of criminal attempt, kidnapping and criminal conspiracy to commit robbery, burglary and theft involve the same criminal intent. He concludes that, by sentencing him to consecutive terms for the same criminal attempt, the court imposed an illegal sentence, in violation of 18 Pa.C.S. § 906. Again, we disagree.

"Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Wolfe***, 106 A.3d 800, 802 (Pa.Super.2014), *appeal granted,* ___ A.3d ___, No. 63 MAL 2015, 2015 WL 4755651 (Pa. Aug. 12, 2015) (internal quotations and citations omitted).

18 Pa.C.S. § 906 provides:

> **§ 906. Multiple convictions of inchoate crimes barred**
>
> A person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime.

18 Pa.C.S. § 906.

This Court has observed:

> Under section 906, "inchoate crimes merge only when directed to the commission of the *same crime,* not merely because they arise out of the same incident." ***Commonwealth v. Graves***, 508 A.2d 1198 ([Pa.]1986) (emphasis added). ***See e.g***., ***Commonwealth v. Brown***, 486 A.2d 441, 445 ([Pa.Super.]1984) (finding that appellant's sentences for attempted burglary and conspiracy to commit burglary violate section 906, because they arise from conduct directed to the commission of the same crime); ***Commonwealth v. Ford***, 461 A.2d 1281, 1289 ([Pa.Super.]1983) (stating that appellant's sentences for attempted murder, conspiracy to commit murder and possession of an instrument of crime are barred under section 906, because the facts of the case demonstrated "that the offenses were perpetrated with one objective in mind-the (attempted) killing" of the victim).

***Commonwealth v. Welch***, 912 A.2d 857, 859 (Pa.Super.2006).

Appellant was convicted of criminal attempt (kidnapping to facilitate the commission of a felony) and criminal conspiracy (to commit robbery). Appellant argues the conspiracy to commit robbery encompassed the kidnapping of Victim. He supports this proposition by directing our attention to the rope found in his vehicle when he was apprehended for these, as well as other, crimes. Appellant lied at trial and denied having any involvement with the conspiracy to steal the car or the attempted kidnapping. *See* N.T., 11/16/10, at 48-71. However, Appellant later admitted to agreeing with co-defendants to attempt to steal Victim's car. N.T., 12/15/11, at 30. He denied trying to stuff Victim in the trunk, and denied knowing the rope was in his vehicle. *Id.* at 32-33.

The trial court reasoned:

> [I]n Appellant's case, the evidence adduced at trial established that Appellant and two co-defendants entered into a conspiracy to commit robbery by planning and coordinating the theft of [Victim's] automobile. That conspiracy was not designed to culminate in the attempted kidnapping of [Victim]. Instead, the attempted kidnapping merely arose from the co-defendants['] initial failure to achieve the goal of the conspiracy. Appellant and his codefendants only developed the criminal intent to kidnap [Victim] when [she] fought back, at which point one of the attackers exclaimed, "Get the bitch in the trunk" and one or more of the co-defendants attempted to push [Victim] into the trunk of the car. … [T]he attempted kidnapping exceeded the scope of the conspiracy to steal [Victim's] car. The attempted kidnapping and the conspiracy to commit robbery were thus independent crimes; the objective of the conspiracy was to steal [Victim's] car, while the objective of the attempted kidnapping was to kidnap [Victim].

- 12 -

Trial Court Opinion, filed February 6, 2015, at 9.

Based on the evidence adduced at trial, we agree with the trial court that the conspiracy to commit robbery by planning and coordinating the theft of Victim's automobile was not designed to culminate in the attempted kidnapping of Victim. Thus, although these two inchoate crimes arose out of the same incident, they do not merge because they were not directed to the commission of the same crime. *See Welch, supra.* The determination of the PCRA court is supported by the evidence of record and is free of legal error. Appellant's issues merit no relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2015