J-S53022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VICTOR DELOATCH | |
| Appellant | No. 69 MDA 2015 |

Appeal from the Judgment of Sentence September 9, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000532-2012

BEFORE:  DONOHUE, J., OTT, J., and MUSMANNO, J.

CONCURRING AND DISSENTING MEMORANDUM BY OTT, J.:

**FILED DECEMBER 30, 2015**

I agree with Majority's determination that there was sufficient evidence to support Deloatch's convictions on the charges of criminal conspiracy to commit forgery and criminal attempt to acquire controlled substances by misrepresentation.  However, I must respectfully disagree with the Majority's conclusion that Deloatch's sentence is illegal.  Therefore, I respectfully concur and dissent.

The Majority determined the trial court's imposition of separate, consecutive sentences for Deloatch's convictions of two inchoate crimes – criminal conspiracy to commit forgery and criminal attempt to acquire controlled substances by misrepresentation – violates Section 906 of the

Crimes Code. **See** Majority Memorandum at 12-13. For the reasons that follow, I disagree.

Section 906 prohibits the conviction of "more than one of the inchoate crimes of criminal attempt … or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime." 18 Pa.C.S. § 906. As this Court explained in **Commonwealth v. Welch**, 912 A.2d 857 (Pa. Super. 2006):

> "Section 906 was designed to prevent multiple inchoate charges that carry with them the same criminal intent." **Commonwealth v. Davis**, 704 A.2d 650, 653 (Pa. Super. 1997). Under section 906, "inchoate crimes merge only when directed to the commission of the **same crime**, not merely because they arise out of the same incident." **Commonwealth v. Graves,** 510 Pa. 423, 508 A.2d 1198 (1986) (emphasis added).

**Id.** at 859 (emphasis in original). **See, i.e., Commonwealth v. Brown**, 486 A.2d 441, 445 (Pa. Super. 1984) (vacating separate sentence imposed for conviction of conspiracy to commit burglary pursuant to Section 906, when defendant was also convicted and sentenced for attempted burglary).

Contrary to the Majority's conclusion, I find Deloatch's convictions for criminal conspiracy and criminal attempt were directed to **different underlying crimes**, *i.e.*, conspiracy to commit forgery (18 Pa.C.S. § 4101(a)(2)) and attempt to acquire controlled substances by misrepresentation (35 P.S. § 780-113(a)(12)). Although I acknowledge Deloatch attempted to acquire the controlled substances by using a **forged** prescription during the same incident, I do not agree that fact alone dictates a finding that he was convicted of the **same** underlying **crimes**. Rather, our

Supreme Court has made clear: "[I]nchoate crimes merge only when directed to the commission of the same crime, not merely because they arise out of the same incident." **Commonwealth v. Graves**, 508 A.2d 1198, 1198 (Pa. 1986) (holding Section 906 did not preclude defendant's conviction of criminal conspiracy to commit aggravated assault and criminal solicitation to commit murder when "[t]he conspiracy was for the purpose of furthering an assault with several co-defendants upon three police officers; the solicitation to murder had as its object the death of one of the officers.").

Therefore, because I find Section 906 does not preclude separate sentences for these crimes, I would affirm the judgment of sentence.[1] Accordingly, I concur and dissent.

---

[1] I would also conclude the crimes do not merge pursuant to 42 Pa.C.S. § 9765, because each crime contains an element the other does not. **See Commonwealth v. Baldwin**, 985 A.2d 830, 833 (Pa. 2009) (Section 9765 prohibits merger "unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other.").