J-S76041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT CHIN, | |
| Appellant | No. 3849 EDA 2016 |

Appeal from the PCRA Order November 18, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0015024-2009

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 16, 2018**

Appellant, Robert Chin, appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, after a hearing.  We affirm.

On January 24, 2011, Appellant entered an open guilty plea to murder of the third degree, attempted murder, criminal conspiracy, possessing an instrument of crime (PIC), carrying a firearm without a license, and carrying a firearm on public streets or public property in Philadelphia, in exchange for the Commonwealth's withdrawal of a first-degree murder charge.  The charges related to Appellant's participation in back-to-back drive-by shootings of

_____

[*] Retired Senior Judge assigned to the Superior Court.

strangers, Vonthean Vonn and Nathaniel Lopez, on the night of October 14, 2009. The shootings resulted in wounding Mr. Vonn and killing Mr. Lopez. On April 20, 2011, the trial court sentenced Appellant to an aggregate term of not less than thirty nor more than sixty years of imprisonment. This Court affirmed the judgment of sentence on May 4, 2012, and the Pennsylvania Supreme Court denied further review on February 28, 2013. (*See* **Commonwealth v. Chin**, 50 A.3d 232 (Pa. Super. 2012), *appeal denied*, 63 A.3d 773 (Pa. 2013)).

Appellant filed a timely *pro se* PCRA petition on October 3, 2013. Appointed counsel filed a **Turner**/**Finley**[1] no-merit letter and a petition to withdraw on June 16, 2016. The court issued notice of its intent to dismiss the petition on July 5, 2016. **See** Pa.R.Crim.P. 907(1). On July 14, 2016, Appellant responded to counsel's no-merit letter. He responded to the court's Rule 907 notice and re-filed his response to counsel's **Turner**/**Finley** letter on July 20, 2016. After a *sua sponte* **Grazier**[2] hearing,[3] Appellant elected to

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[3] It is not clear why the PCRA court *sua sponte* elected to conduct a **Grazier** hearing, where Appellant no longer was entitled to the appointment of counsel after the attorney was allowed to withdraw pursuant to **Turner**/**Finley**. **See Turner**, **supra** at 928-29 ("When, in the exercise of his professional judgment, counsel determines that the issues raised under the PC[R]A are meritless, and when the PC[R]A court concurs, counsel will be permitted to

continue to be represented by his PCRA counsel. On November 18, 2016, the

PCRA court dismissed the petition. Appellant timely appealed.

Appellant presents seven questions for this Court's review.

I.      Whether the Appellant's plea and sentences for conspiracy to shoot Mr. Vonthean Vonn and Mr. Nathaniel Lopez is illegal as under 18 Pa.C.S.A. § 903(c) he was guilty of only one conspiracy?

II.      Whether the Appellant's plea and sentences for attempted murder, conspiracy and possessing an instrument of crime is illegal by virtue that it violates 18 Pa.C.S.A. § 906?

III.    Whether PCRA counsel did not comply with the mandates of **Finley** subsequent to the court's *sua sponte* **Grazier** hearing?

IV.      Whether the PCRA court erred when it dismissed Appellant's petition without counsel complying with the mandates of **Finley** subseque[n]t to the court's *sua sponte* **Grazier** hearing?

V.      Whether the Appellant's plea of guilty should not have been accepted without the court explaining that his defense for attempted murder could not be advanced once he plead guilty, and trial counsel ineffectively failed to raise this issue?

VI.[]  Whether the plea was not knowing and intelligently entered by virtue that the colloquy was defective insofar as the court erroneously conveyed the maximum sentence, and trial counsel ineffectively failed to raise this issue?

VII.    Whether the plea was not knowing and intelligently entered by virtue that the colloquy was defective insofar as the court failed to elucidate accomplice liability or misstated the law on accomplice liability, and trial counsel ineffectively failed to raise this issue?

(Appellant's Brief, at 3).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level.

---

withdraw and the **petitioner may proceed *pro se*, or by privately retained counsel, or not at all**.") (emphasis added).

This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013) (citations omitted).

As a preliminary matter, we note it is well-settled that "issues not raised in a PCRA petition cannot be considered on appeal." *Commonwealth v. Lauro*, 819 A.2d 100, 103 (Pa. Super. 2003), *appeal denied*, 830 A.2d 975 (Pa. 2003) (citation omitted); *see also* Pa.R.A.P. 302(a). Similarly, the failure to raise an ineffectiveness of PCRA counsel challenge in response to the PCRA court's Rule 907 notice waives that issue for our review. *See Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (concluding "PCRA counsel ineffectiveness claim is waived for failing to assert it in [] response to the PCRA court's Pa.R.Crim.P. 907 notice.").

Here, Appellant failed to raise any of his appellate issues in his PCRA petition, memorandum in support thereof, or responses to the *Turner*/*Finley* letter and Rule 907 notice. For example, in the memorandum in support of his PCRA petition, Appellant merely claimed that he unknowingly and involuntary entered his plea because it was impossible to conspire to commit third degree murder, and counsel was ineffective for failing to object to the

plea on this basis. (**See** Memorandum of Law in Support of PCRA Petition, 10/03/13, at 3). However, he abandons that issue in this Court. (**See id.**; **see also** Appellant's Brief, at 3, 16-22).

Additionally, in his responses to the no-merit letter and Rule 907 notice, Appellant argued that the trial court failed to inform him of the maximum sentence permitted for criminal conspiracy, which is similar to his sixth appellate question. (**See** Response to **Turner**/**Finley** Letter, 7/14/16, at 5; Response to Rule 907 Notice, 7/20/16, at unnumbered page 7). However, he failed to frame his issue as a cognizable PCRA claim, or to allege ineffectiveness of trial counsel on this basis, which he attempts to do here. (**See** Appellant's Brief, at 3, 19-20). Therefore, because he failed to raise the same theory in the PCRA court that he does now, we deem this issue waived. **See Commonwealth v. Cline**, ___ A.3d ___, 2017 WL 6628719, *4 (Pa. Super. filed Dec. 29, 2017) ("A new and different theory of relief may not be successfully advanced for the first time on appeal.") (citations omitted).

Finally, we note that, although Appellant maintains that he raised his issues in his Rule 1925(b) statement, it is well-settled that this does not preserve them for appellate review. **See Commonwealth v. Smith**, 121 A.3d 1049, 1055 (Pa. Super. 2015), *appeal denied*, 136 A.3d 981 (Pa. 2016) (An appellant is "unable to raise [] claims for the first time in his Rule 1925(b) statement."). Indeed, Appellant only raised his sixth issue regarding the maximum sentence in his supplemental 1925(b) statement, which he did not

seek court approval to file. (***See*** Concise Statement of [Errors] Complained of on Appeal, 12/29/16, at 1; Supplemental Concise Statement of [Errors] Complained of on Appeal, 1/05/17, at unnumbered page 2); ***see also*** Pa.R.A.P. 1925(b)(2) ("Upon application of the appellant and for good cause shown, the judge may . . . permit an amended or supplemental Statement to be filed."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Therefore, for all of these reasons, Appellant's third through seventh issues are waived for our review in their entirety.[4] ***See id.***; ***Rigg***, ***supra*** at 1084; ***Lauro***, ***supra*** at 103.

However, Appellant's first and second issues raise illegal sentence claims, which are non-waivable. (***See*** Appellant's Brief, at 3, 16); ***see also Commonwealth v. Jones***, 932 A.2d 179, 183 (Pa. Super. 2007) ("[L]egality-of-sentence claims are non-waivable and thus **not** required to have been preserved at any prior stage of litigation in order to obtain review thereof.")

---

[4] Moreover, for the sake of completeness, we briefly note we are satisfied that the PCRA court properly allowed counsel to withdraw where counsel complied with the requirements of ***Turner***/***Finley*** by conducting an independent review and detailing in a no-merit letter why Appellant's issues lacked merit. ***See Finley***, ***supra*** at 215. In addition, our independent review of the guilty plea hearing and written guilty plea colloquy confirms that Appellant was properly apprised of the elements necessary for each of his crimes, the rights he was waiving, and the maximum sentence that could be imposed. (***See*** N.T. Guilty Plea, 1/24/11, at 11-16; Written Guilty Plea Colloquy, 1/24/11, at unnumbered pages 1-3).

(emphasis in original). Hence, we now turn to our review of Appellant's first two issues.

In Appellant's first matter,[5] he maintains that his sentence is illegal because it violates section 903(c) of the Crimes Code. (*See* Appellant's Brief, at 16). This issue lacks merit.

Our standard of review of this claim is well-settled: "Issues relating to the legality of a sentence are questions of law[.] . . . Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Wolfe*, 106 A.3d 800, 802 (Pa. Super. 2014), *affirmed*, 140 A.3d 651 (Pa. 2016) (citation omitted). Pursuant to section 903(c) of the Crimes Code: "If a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as such multiple crimes are the object of the same agreement or continuous conspiratorial relationship." 18 Pa.C.S.A. § 903(c).

Instantly, at his guilty plea hearing, Appellant admitted that he was guilty of a single conspiracy to shoot both victims. (*See* N.T. Guilty Plea, 1/24/11, at 5-7). Thereafter, consistent with the language of section 903(c), he was sentenced for one count of conspiracy. (*See* N.T. Sentencing,

---

[5] We review Appellant's issues in the order in which they are presented in his statement of questions involved, not as they are discussed in the argument section of his brief. (*See* Appellant's Brief, at 3, 9-22).

4/20/11, at 93; Order of Sentencing, 4/20/11, at 1). Therefore, his claim that his sentence violated section 903(c) does not merit relief.

Moreover, although Appellant now claims that he only was guilty of one conspiracy, "*i.e.*, shooting the gun at Mr. Vonn[,]" this allegation contradicts his testimony at the guilty plea hearing, where he admitted that he was guilty of a single conspiracy to shoot both victims. (Appellant's Brief, at 16 (record citation omitted); *see* N.T. Guilty Plea, at 5-7). Accordingly, he is precluded from now advancing grounds for withdrawing his plea that contradict what he admitted at the guilty plea hearing. *See Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000) ("A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.") (citation omitted). Therefore, on this basis as well, Appellant's first issue does not merit relief. *See Wolfe*, *supra* at 802.

In Appellant's second issue, he maintains that "[his] plea and sentence for attempted murder, conspiracy and [PIC] is illegal by virtue that it violates 18 Pa.C.S.A. § 906." (Appellant's Brief, at 17) (unnecessary capitalization omitted). This issue lacks merit.

Pursuant to section 906 of the Crimes Code, "[a] person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime." 18 Pa.C.S.A. § 906. "Section

906 was designed to prevent multiple inchoate charges that carry with them the same criminal intent. Under section 906, inchoate crimes merge only when directed to the commission of the **same crime**, not merely because they arise out of the same incident." ***Commonwealth v. Welch***, 912 A.2d 857, 859 (Pa. Super. 2006) (citations and internal quotation marks omitted; emphasis in original).

Here, Appellant pleaded guilty to conspiring to shoot at Mr. Lopez and Mr. Vonn, and the attempted murder of Mr. Vonn. (***See*** N.T. Sentencing, 1/24/11, at 5, 29-30; PCRA Court Opinion, 5/11/17, at 8 n.24). Therefore, because these inchoate crimes related to separate crimes against different victims, section 906 does not apply to render Appellant's sentence illegal. ***See, e.g.***, ***Commonwealth v. Jacobs***, 39 A.3d 977, 985 (Pa. 2012) (holding defendant's convictions for attempted escape and conspiracy to commit escape did not merge where attempt charge involved defendant alone and conspiracy included intent that both defendant and cell-mate escape); ***Commonwealth v. Graves***, 508 A.2d 1198, 1198 (Pa. 1986) (holding conviction for conspiracy to assault police officers and for solicitation to murder one of those officers, although arising out of same incident, did not violate section 906); ***see also Welch***, ***supra*** at 859; ***see also Wolfe***, ***supra*** at 802.

Additionally, although PIC is an inchoate offense, the Pennsylvania General Assembly excluded it from the amendment of section 906 effective at

the time of Appellant's conviction.[6]  **See** 18 Pa.C.S.A. § 906; **Commonwealth v. Ly**, 599 A.2d 613, 623 (Pa. 1991) (noting PIC is excluded from section 906, as amended).  Accordingly, Appellant's second claim lacks merit.  **See Wolfe**, **supra** at 802.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/18

---

[6] *As amended* 1986, December 11, P.L. 1517, No. 164, § 1, effective in 60 days.