J-A11002-25          2025 PA Super 112

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DANIEL LEE SLAUGHTER, JR. :
:
Appellant : No. 1374 MDA 2024

Appeal from the Judgment of Sentence Entered August 21, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004722-2022

BEFORE: MURRAY, J., KING, J., and STEVENS, P.J.E.[*]

OPINION BY MURRAY, J.:                    **FILED MAY 23, 2025**

Daniel Lee Slaughter, Jr. (Appellant), appeals from the judgment of sentence imposed following the revocation of his probation. On appeal, Appellant contends the violation of probation (VOP) court abused its discretion when it sentenced him to a term of 2½ to 5 years' incarceration, which constituted an upward departure from the standard range of the applicable Resentencing Guidelines.[1] After careful consideration, we vacate the judgment of sentence and remand for a new resentencing hearing.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 204 Pa. Code §§ 307.1-307a.4. The Resentencing Guidelines, Amendment 1 (effective January 1, 2021), apply to revocations of probation for "all offenses committed on or after January 1, 2021, but prior to January 1, 2024, for which the 7th Edition, Amendment 6 Sentencing Guidelines applied." **Id.** § 307a.2(b)(2). Instantly, the Resentencing Guidelines, as amended by Amendment 1, apply because Appellant committed his underlying offenses in October 2022.

On May 30, 2023, Appellant entered guilty pleas at two separate dockets: 4720-2022 (Case 4720), and 4722-2022 (Case 4722). At Case 4722, Appellant pled guilty to retail theft (Count 1) and criminal conspiracy to commit retail theft (Count 2);[2] the trial court sentenced Appellant to an aggregate three years of probation. N.T., 5/30/23, at 5, 11-12. At Case 4720, Appellant pled guilty to driving under the influence of a controlled substance, possession of a controlled substance, possession of a small amount of marijuana, and possession of drug paraphernalia.[3] *Id.* at 5. The trial court sentenced Appellant in that case to an aggregate one year of probation. *Id.* at 10-11. The court ordered the sentences at Case 4720 and Case 4722 to run concurrently. *Id.* at 11-12.

On January 22, 2024, the VOP court issued a bench warrant for Appellant's arrest, which stated that "this warrant is issued because [of Appellant's] violation of probation[.]" Bench Warrant, 1/22/24 (capitalization modified). On August 20, 2024, the Dauphin County Probation and Parole Office (the Dauphin PO) filed a request for a VOP hearing (Request). Attached to the Request is a "Notice of Alleged Violations of Probation" (Notice of Probation Violations), which Appellant signed and dated May 6, 2024. The

---

[2] 18 Pa.C.S.A. §§ 3929(a)(1), 903(a)(1).

[3] 75 Pa.C.S.A. § 3802(d)(2); 35 P.S. § 780-113(a)(16), (31)(i), (32).

Notice of Probation Violations stated Appellant had violated the following conditions of his probation:

> Condition 2: Failure to refrain from the violation of … local, state, or federal penal laws. ([Appellant] was arrested by Susquehanna P[olice] on 5/1/24, for possession of [] K-2[, *i.e.*, synthetic marijuana]).[4]
>
> Condition 6: Failure to report to the [Dauphin PO] as directed. ([Appellant has] not been in the [Dauphin PO] since 9/27/23).
>
> Condition 9: Failure to contact [the Dauphin PO] prior to changing your address. ([Appellant] has changed his address several times without notifying [the Dauphin PO]. ….).

Notice of Probation Violations, 5/6/24 (footnote added; capitalization modified).

Appellant's VOP/sentencing hearing (VOP hearing) occurred on August 21, 2024, wherein Appellant appeared with counsel. Two Dauphin PO officers also appeared: Kamela Banning (Officer Banning), and Timothy Kinsinger (Officer Kinsinger) (collectively, the Probation Officers). Preliminarily, the VOP court recognized that Appellant had

> been given numerous opportunities to successfully complete supervision and [has] exhausted many County resources. [The] Dauphin … [PO] is recommending[5] that [Appellant] be incarcerated in state prison and complete the state drug treatment program.

---

[4] The record does not disclose whether the Commonwealth filed any criminal charge against Appellant related to synthetic marijuana possession.

[5] There is no indication in the record, or VOP court docket, that the Commonwealth filed a petition for revocation of Appellant's probation, or any sentencing recommendation. At the brief VOP hearing, the prosecutor did not explain the Commonwealth's position.

N.T., 8/21/24, at 2 (footnote added; formatting and capitalization modified).

At the VOP hearing, Officer Banning stated that Appellant

> has a major, major, major drug issue.  He has been to drug and alcohol [treatment] facilities.  He likes to use cocaine and marijuana and synthetic marijuana[,] rather than follow any kind of [mental health] treatment plan [or take] psych[iatric] med[ication].  And he's been in denial that he has drug issues. [Appellant has] been removed from many [drug and alcohol treatment] facilities because of him being intoxicated.  ….  It actually took the final new charge [related to Appellant] having possession of [synthetic marijuana] for him to … [admit that], yeah, I may have a drug problem.

* * *

> [Appellant] has been on supervision with [the Dauphin PO] for years[,] doing the same thing over and over and over.

*Id.* at 3-4 (formatting modified).

Appellant's counsel requested that the VOP court "give [Appellant] a chance in work release.  It's a first [probation] revocation[6] on a probationary sentence."  *Id.* at 5 (footnote added).  Appellant's counsel stated that "[Appellant] does have schizoaffective disorder, Bipolar type.  I think the root [problem] here is [Appellant's] mental health issues[.]" *Id.* at 2.

_____

[6] At the VOP hearing, Officer Banning clarified that

> this is [Appellant's] first [probation revocation in the instant case], but only because [a different trial court judge] closed the previous revocation docket when [Appellant] got the new charges that [the Dauphin PO is] currently supervising [Appellant] on.  Like I said, [Appellant has] been in the system for many, many years.

N.T., 8/21/24, at 7.

The VOP court then considered Appellant's allocution. Appellant stated he accepted "full accountability on [his] new charges," and admitted his "relapse" into drug use. *Id.* at 5. Appellant also referenced his "mental health issues," "traumatic brain injury," and diagnosis of Type II diabetes. *Id.* at 5-6.

Following Appellant's allocution, the VOP court observed that the State Correctional Institution (SCI) at Waymart (SCI—Waymart) offers a drug treatment program to some inmates. *Id.* at 9. Officer Kinsinger informed the court that SCI—Waymart's drug "treatment program requires a minimum [sentence] of two years [in prison,] so a [sentence of] two and a half to five [years in prison] would be perfect." *Id.* The VOP court stated,

> … I think what we need to do is [impose a sentence that would] give [Appellant] a program that … [could] help [Appellant] in the long run. And I believe SCI[—]Waymart, as well as the state drug treatment program, will be the best options for [Appellant].

*Id.* (punctuation modified). The VOP court then resentenced Appellant,[7] at Case 4722,[8] to 2½ to 5 years in prison at Count 1, and a concurrent term of 2½ to 5 years in prison at Count 2. *Id.* at 9-10; *see also* Sentencing Order, 8/21/24, at 1 (unpaginated) (providing, in relevant part: "Order no drugs, no alcohol. Order that [Appellant] complete SCI[—]Waymart, the mental health

_____

[7] The VOP court did not have the benefit of a pre-sentence investigation report.

[8] The VOP court closed Case 4720 and did not resentence Appellant at that docket. N.T., 8/21/24, at 10.

- 5 -

program, as well as … that he be eligible for the state drug treatment program[.]").

Appellant timely filed a post-sentence motion (PSM) on August 30, 2024. Appellant claimed the VOP court abused its discretion by imposing a sentence of 2½ to 5 years in prison, and deviating above the Resentencing Guidelines' standard range.[9] PSM, 8/30/24, ¶ 5; *see also id.*, ¶ 6 (asserting the Dauphin PO "submitted Resentencing Guidelines with a standard range of

_____

[9] On appeal, it is undisputed that the VOP court's sentence constituted an upward departure from the standard range recommended by the Resentencing Guidelines. Appellant's Brief at 21-23; Commonwealth's Brief at 9-10, 12, 14. Based on the limited certified record before us, we are unable to calculate the applicable Resentencing Guidelines' ranges. However, we observe Appellant's contention that

> the record indicates that [the Dauphin PO] submitted Resentencing Guidelines of 6-16 months. ([PSM, 8/30/24,] at 2). [Appellant's underlying conviction of] retail theft, graded as a felony of the third degree, as a third o[r] subsequent offense, has an offense gravity score of 3. 204 Pa. Code § 303.15. [Appellant] had 5 prior retail theft convictions. [Appellant's conviction of] criminal conspiracy to commit retail theft has the same [offense gravity score] of 3. *See* 204 Pa. Code[] § 303.3(c)[(2)] ("Convictions for … conspiracy to commit any offense which is not a Felony 1 offense, receive the Offense Gravity Score of the offense … which was the object of the conspiracy."). With this acknowledged presumptive resentencing range, [Appellant] would have a prior record score of 5 and [Appellant's] standard [] recomm[ended] range was 6-16 months. *See* 204 Pa. Code § 303.16(a). The presumptive aggravated range was an additional three months. *Id.* However, the [VOP] court imposed a 30-month [minimum] sentence, almost twice the high-end standard range sentence, and a 14-month aggravation.

Appellant's Brief at 22-23 (some internal citations omitted; formatting, capitalization, and punctuation modified). **At the VOP hearing, neither the VOP court nor the parties mentioned the Resentencing Guidelines.**

sentencing of 6 to 16 months [in jail].[10]  [Appellant's] counsel agrees with [these] calculations." (footnote added; capitalization modified)).  The PSM further claimed that the VOP court failed to "provid[e] reasons on the record for such an aggravated sentence." *Id.*, ¶ 7.

The Commonwealth filed a court-ordered response to the PSM on September 15, 2024.  The Commonwealth asserted the VOP court imposed an appropriate resentence, and the court properly stated on the record its reasons for deviating above the standard range of the Resentencing Guidelines.  Response, 9/15/24, ¶ 4.  ***But see also id.***, Prayer for Relief ("[T]he Commonwealth respectfully requests [the VOP court to] deny [Appellant's PSM] or, in the alternative, schedule a hearing to list the reasons for the departure from the standard range of the Resentencing Guidelines on the record." (capitalization modified)).

On September 16, 2024, the VOP court denied the PSM.  Appellant timely filed a notice of appeal three days later.  On October 3, 2024, Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal (Concise Statement), raising two claims of error:

1. [The VOP] court abused its discretion when, during a [probation] revocation, th[e] court sentenced [Appellant] to a 2.5-5 year sentence[,] when this was the first revocation, the violation was technical in nature, and the court did not utilize

---

[10] The record does not include any document from the Dauphin PO related to the Resentencing Guidelines.  Rather, the first mention of the Resentencing Guidelines was in Appellant's PSM.

the escalating penalties mandated by 42 Pa.C.S.A. § 9771[11] and impose the least restrictive means of punishment.

_____

[11] Our Legislature amended Section 9771 effective June 11, 2024, two months prior to Appellant's sentencing. Section 9771 provides, in pertinent part, as follows:

**(c) Limitation on sentence of total confinement.** There is a presumption against total confinement for technical violations of probation. The following shall apply:

**(1)** The court may impose a sentence of total confinement upon revocation only if:

**(i)** the defendant has been convicted of another crime;

**(ii)** the court finds by clear and convincing evidence that the defendant committed a technical violation that involves an identifiable threat to public safety and the defendant cannot be safely diverted from total confinement through less restrictive means; or

**(iii)** the court finds by a preponderance of the evidence that the defendant committed a technical violation and any of the following apply:

**(A)** The technical violation was sexual in nature.

**(B)** The technical violation involved assaultive behavior or included a credible threat to cause bodily injury to another, including acts committed against a family or household member.

**(C)** The technical violation involved possession or control of a firearm or dangerous weapon.

**(D)** The technical violation involved the manufacture, sale, delivery or possession with the intent to manufacture, sell or deliver, a controlled substance or other drug regulated under the act of April 14, 1972 (P.L.233, No.64), known as The Controlled Substance, Drug, Device and Cosmetic Act.

*(Footnote Continued Next Page)*

2. [The VOP] court abused its discretion [], when imposing a total incarceration sentence, for a probation revocation of an offense committed after January 1, 2021, the court failed to consult and utilize the Resentencing Guidelines. The imposed sentence constitutes an abuse of discretion because it departs from th[e] standard range and the court did not provide adequate reasons to justify this aggravated[-]range sentence.

---

**(E)** The defendant absconded and cannot be safely diverted from total confinement through less restrictive means.

**(F)** The technical violation involved an intentional and unexcused failure to adhere to recommended programming or conditions on three or more separate occasions and the defendant cannot be safely diverted from total confinement through less restrictive means.
….

**(2)** If a court imposes a sentence of total confinement following a revocation, the basis of which is for one or more technical violations under paragraph (1)(ii) or (iii), the court shall consider the employment status of the defendant. The defendant shall be sentenced as follows:

**(i)** For a first technical violation, a maximum period of 14 days.

**(ii)** For a second technical violation, a maximum period of 30 days.

**(iii)** For a third or subsequent technical violation, the court may impose any sentencing alternatives available at the time of initial sentencing.

42 Pa.C.S.A. § 9771(c)(1), (c)(2).

Concise Statement, 10/3/24, at 1-2 (unpaginated) (footnote added; capitalization and citation modified).[12, 13]

On November 18, 2024, the VOP court issued a "Statement in Lieu of Opinion Pursuant to Pa.R.A.P. 1925" (VOP Court Statement).[14] The court conceded it had abused its discretion at resentencing, and requested that this Court vacate the judgment of sentence and remand for resentencing:

> Appellant's [Concise] Statement … allege[s that the VOP] court abused its discretion by not utilizing the escalating penalties mandated by 42 Pa.C.S. § 9771, when resentencing [] Appellant after revocation [of his probation]. After reviewing the relevant

---

[12] Significantly, Appellant raised his issue implicating Section 9771 for the first time in his Concise Statement.

[13] Following Appellant's filing of his counseled notice of appeal and Concise Statement, he submitted several *pro se* filings in the trial court, including (1) handwritten correspondence challenging, *inter alia*, the voluntariness of his guilty pleas in Case 4720 and Case 4722, as well as the VOP court's judicial bias; and (2) a petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. **See generally**, **e.g.**, *Pro Se* Correspondence, 10/17/24; PCRA Petition, 10/30/24. On November 6, 2024, the VOP court entered an order stating that Appellant's "[PCRA] petition shall not be entertained[,] as this court is without jurisdiction to address it while [Appellant's case] is on appeal with the Superior Court of Pennsylvania. Further, [Appellant] is represented by counsel and should file motions through counsel." Order, 11/6/24 (capitalization modified); **see also Commonwealth v. Staton**, 184 A.3d 949, 957 (Pa. 2018) ("[N]o defendant has a constitutional right to hybrid representation, either at trial or on appeal." (citation omitted)); Pa.R.A.P. 1701(a) (providing that the filing of an appeal divests a trial court of jurisdiction).

Moreover, we observe that on October 2, 2024, Appellant filed in the trial court *pro se* correspondence stating that he was incarcerated at SCI—Smithfield, as opposed to SCI—Waymart. *Pro Se* Correspondence, 10/2/24.

[14] The Court of Common Pleas judge who authored the VOP Court Statement also resentenced Appellant.

transcripts, the Notice of Probation Violations, and [Section 9771] …, specifically, the limitations on resentencing to total confinement, we agree with [] Appellant. We respectfully request that this case be remanded back to [the VOP] court for a resentencing hearing.

VOP Court Statement, 11/18/24, at 1 (punctuation and capitalization modified).

On appeal, Appellant presents two issues for our review:

I. Did the [VOP] court improperly follow the requirements for a revocation proceeding when it imposed a sentence of total incarceration for a first, technical [probation] violation, when the probation statute contemplates escalating penalties for a technical violation of probation?

II. Did the [VOP] court abuse its discretion in imposing a sentence of state confinement, outside of the aggravated range of the Resentencing Guidelines, and failed to consider them?

Appellant's Brief at 6 (punctuation and capitalization modified).

In his first issue, Appellant claims the VOP court abused its discretion in imposing a sentence of total confinement for Appellant's first, technical probation violation,[15] emphasizing that the court "concurs that it failed to follow the escalating penalties of 42 Pa.C.S. § 9771(c)(2)." *Id.* at 20; *see also* VOP Court Statement, 11/18/24, at 1.

Preliminarily, we acknowledge that "in an appeal from a sentence imposed after the court has revoked probation, we can review the validity of

_____

[15] As stated above, the Notice of Probation Violations represented that Appellant had been arrested for a new crime, in addition to other probation violations.

- 11 -

the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015) (citation omitted). In the instant case, Appellant's issue implicates the discretionary aspects of sentencing. *See Commonwealth v. Schutzues*, 54 A.3d 86, 91 (Pa. Super. 2012) (stating that a sentencing court's lack of adherence to Section "9771(c) [is] a matter implicating the discretionary aspects of a sentence."); *see also id.* at 98 ("[C]hallenges under [Section] 9771(c) are not among the narrow class of issues that implicate the legality of a sentence.").

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Lawrence*, 313 A.3d 265, 284 (Pa. Super. 2024) (citation and brackets omitted). Rather, this Court applies a four-part test to determine:

> (1) whether the appellant filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) **whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence**, *see* Pa.R.Crim.P. 720; (3) whether the appellant's brief has a fatal defect, *see* Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Bartic*, 303 A.3d 124, 134 (Pa. Super. 2023) (brackets and some citations omitted; emphasis added).

Instantly, although Appellant timely filed a notice of appeal and his brief contains the required 2119(f) statement,[16] he failed to preserve his instant claim either in his PSM or at sentencing. The PSM did not mention Section 9771(c), let alone argue that the VOP court erred by imposing a sentence that was in contravention of Section 9771(c). **See generally** PSM, 8/30/24. Rather, the PSM claimed only that the VOP court abused its discretion by (1) imposing a sentence of total confinement that deviated above the standard range of the Resentencing Guidelines, **id.**, ¶¶ 5-6; and (2) failing to "provid[e] reasons on the record for such an aggravated sentence." **Id.**, ¶ 7.

It is well-settled that "[i]ssues challenging the discretionary aspects of a sentence **must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings.** Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Commonwealth v. Kittrell**, 19 A.3d 532, 538 (Pa. Super. 2011) (citation and brackets omitted; emphasis added); **see also Commonwealth v. Thompson**, 333 A.3d 461, *7 (Pa. Super. filed Mar. 13, 2025) (same). Instantly, although Appellant raised his issue implicating Section 9771(c) in the Concise Statement, we have held that "a party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." **Commonwealth v. Monjaras-Amaya**, 163 A.3d 466, 469 (Pa. Super. 2017)

---

[16] **See** Appellant's Brief at 12-15.

(citation, emphasis, and brackets omitted). Accordingly, as Appellant failed to preserve the instant challenge to his sentence at sentencing or in his PSM, he waived his first issue. *Kittrell*, 19 A.3d at 538.

We next address Appellant's second issue, which also implicates the discretionary aspects of sentencing. *See* Appellant's Brief at 14-15, 21-26. Unlike his first issue, Appellant preserved this issue in his PSM, wherein he claimed the VOP court abused its discretion by (1) imposing a sentence that excessively deviated above the standard range of the Resentencing Guidelines; and (2) failing to state adequate reasons of record for the deviation. *See* PSM, 8/30/24, ¶¶ 5-7. Accordingly, we determine whether Appellant's claim presents a substantial question for our review.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Thompson*, 333 A.3d 461, *7-8 (internal citations and quotation marks omitted).

Instantly, Appellant asserts, in his Rule 2119(f) statement, the VOP court abused its discretion by "fail[ing] to consider the Resentencing Guidelines during the revocation[,] and provid[ing] no reasons for departing from the presumptive guideline[-]range sentence." Appellant's Brief at 14 (capitalization modified); *see also Commonwealth v. Diehl*, 140 A.3d 34, 44-45 (Pa. Super. 2016) ("[W]e cannot look beyond the statement of

- 14 -

questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists."). We conclude Appellant's claim presents a substantial question. *See Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa. Super. 2009) (citations omitted) (observing that "[t]he failure to set forth adequate reasons for the sentence imposed has been held to raise a substantial question. Likewise, an averment that the court … failed to consider all relevant factors raises a substantial question." (internal citations omitted)); *Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008) (holding a claim that the sentencing court failed to state adequate reasons on the record for imposing an aggravated-range sentence raises a substantial question). Accordingly, we review the merits of Appellant's sentencing challenge.

Our standard of review of a discretionary sentencing challenge is well settled: "The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Stewart*, 327 A.3d 301, 304 (Pa. Super. 2024) (citation omitted).

> [A]n abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Lucky*, 229 A.3d 657, 663 (Pa. Super. 2020) (citation omitted).

- 15 -

Instantly, Appellant argues the VOP court abused its discretion by failing to (1) "mention its awareness of the [Resentencing G]uidelines" prior to imposing sentence; or (2) state on the record any "factual basis and specific reasons which compelled [the court's] deviation" from the standard range of the Resentencing Guidelines. Appellant's Brief at 23, 24.

> The [VOP] court's sentence is [] subject to reversible error because it failed to consider the Resentencing Guidelines at all. While sentencing guidelines are merely the starting point of a court's sentencing, when the court departs from the guidelines, it must demonstrate its awareness of the sentencing guidelines and provide a reason for this deviation. ***Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008).

Appellant's Brief at 21 (capitalization and punctuation modified). According to Appellant,

> there is no indication in the record that the [VOP] court was aware of the [Resentencing] Guidelines, nor that it was consciously choosing to depart from the standard range. Rather, the court's sentence [constituted] an immediate acceptance of [Officer Kinsinger's] recommendation that "the state treatment program requires a minimum of two years so a two and a half to five would be perfect." ([N.T., 8/21/24, at 9]).

Appellant's Brief at 24 (emphasis omitted; capitalization modified).

Appellant further cites ***Commonwealth v. Griffin***, 804 A.2d 1 (Pa. Super. 2002), wherein we stated, "when deviating from the sentencing guidelines, a trial judge must indicate that [s]he understands the suggested ranges." ***Id.*** at 8; Appellant's Brief at 23-24. Finally, Appellant complains the VOP court failed to offer any

> reason why [Appellant's] behaviors, standard behaviors of an individual in [active] addiction, justified a stark deviation from the

[Resentencing G]uidelines. Instead, the [VOP] court took the statements by [the Dauphin PO], and immediately adopted its recommended sentence. This constitutes an unreasoned abuse of discretion and requires remand for a proper sentencing hearing.

Appellant's Brief at 26.

The Commonwealth counters that the VOP court "properly exercised its discretion when it deviated from the Resentencing Guidelines[,] and the record clearly establishes the rationale for the deviation." Commonwealth Brief at 8 (capitalization modified); *see also id.* at 5 ("While this was [A]ppellant's first probation violation …, the record is clear that the revocation was based on both new criminal charges and technical violations."). According to the Commonwealth, "the record clearly indicates that the [VOP] court properly considered the Resentencing Guidelines." *Id.* at 9 (capitalization modified). The Commonwealth maintains that the VOP "court's resentencing decision for deviating from the Resentencing Guidelines was **implicitly** stated in the record and should be affirmed." *Id.* at 14 (emphasis added; capitalization modified); *see also id.* ("[T]he record clearly indicates that the [VOP] court had more than sufficient information to allow a fully[-]formed[,] individualized sentence.").

This Court has stated that a "sentencing court is permitted to deviate from the sentencing guidelines" where it places "on the record its reasons for the deviation." *Commonwealth v. Snyder*, 289 A.3d 1121, 1127 (Pa. Super. 2023) (citations omitted) (relating to application of the sentencing

guidelines);[17] *see also id.* (observing the sentencing guidelines are "purely advisory in nature"). When doing so,

> a trial judge … [must] demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, **so long as it also states of record the factual basis and specific reasons which compelled it to deviate from the guideline range.**

*Commonwealth v. Bowen*, 55 A.3d 1254, 1264 (Pa. Super. 2012) (emphasis added; citation and brackets omitted); *see also Commonwealth v. Shull*, 148 A.3d 820, 835-36 (Pa. Super. 2016) (when "a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide in open court a contemporaneous statement of reasons in support of its sentence." (citations omitted)).

_____

[17] We are mindful that the "Sentencing Guidelines do not apply to sentences imposed following a revocation of probation." *Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa. Super. 2006); *see also Commonwealth v. Tann*, 79 A.3d 1130, 1132 (Pa. Super. 2013) ("[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." (citation omitted)). However, we observe the dearth of precedent applying the Resentencing Guidelines, and that many of the same legal precepts in cases implicating the Sentencing Guidelines apply to cases implicating the Resentencing Guidelines. *See*, *e.g.*, *Commonwealth v. Patterson*, 309 A.3d 1045, 1881 EDA 2022 (Pa. Super. 2023) (unpublished memorandum at 18-19) (in a probation revocation case implicating the Resentencing Guidelines, citing case law implicating the Sentencing Guidelines); *see also* Pa.R.A.P. 126(b) (providing this Court's unpublished memoranda filed after May 1, 2019, may be cited for their persuasive value).

[W]hen deviating from the sentencing guidelines, a trial judge must indicate that [s]he understands the suggested ranges. However, there is no requirement that a sentencing court must evoke "magic words" in a verbatim recitation of the guidelines ranges to satisfy this requirement. Our law is clear that, when imposing a sentence, the trial court has rendered a proper "contemporaneous statement" under the mandate of the Sentencing Code so long as the record demonstrates with clarity that the court considered the sentencing guidelines in a rational and systematic way and made a dispassionate decision to depart from them.

*Commonwealth v. Beatty*, 227 A.3d 1277, 1288 (Pa. Super. 2020) (internal citations and some quotation marks omitted); *see also* 42 Pa.C.S.A. § 9721(b).

The Resentencing Guidelines, at Section 307.2(d), provide as follows:

**(d)** In every case in which a court of record imposes a resentence for a felony or misdemeanor, **the court shall make as a part of the record and disclose in open court at the time of resentencing, a statement of the reason or reasons for the revocation and for the resentence imposed. In every case where a court of record imposes a resentence outside the Resentencing Guidelines, the reason or reasons for the deviation from the guidelines shall be recorded on the Guideline Sentence Form**, a copy of which shall be electronically transmitted to the Pennsylvania Commission on Sentencing in the manner described in 204 Pa. Code Chapter 303 (relating to sentencing guidelines, 7th edition).

204 Pa. Code § 307.2(d) (emphasis added).

Instantly, at the VOP hearing, the entirety of the VOP court's statement of reasons for the sentence imposed is as follows:

THE COURT: I appreciate [your allocution, Appellant.] But what I think we need to do is give you a program that … [will] be helpful and help you in the long run. And I believe SCI[—]Waymart, as well as the state drug treatment program, will be the best options for you.

- 19 -

N.T., 8/21/24, at 9 (formatting and punctuation modified). The VOP court then sentenced Appellant to an aggregate term of 2½ to 5 years' incarceration, which indisputably exceeded the standard range of the Resentencing Guidelines. *Id.* At no point during the VOP hearing did the VOP court, the parties, or the Probation Officers mention the applicable ranges of the Resentencing Guidelines.[18] *See generally* N.T., 8/21/24. The VOP court neither acknowledged that its sentence constituted a deviation above the Resentencing Guidelines, nor stated its reasons for the deviation. *See Bowen*, 55 A.3d at 1264; *see also* 204 Pa. Code § 307.2(d).[19]

Further, to the extent the VOP court attempted to structure its sentence such that Appellant's place of incarceration would be SCI—Waymart, *see* N.T., 8/21/24, at 9, Appellant correctly observes that a sentencing court "has no authority to select which state correctional facility" will be a defendant's place of confinement. Appellant's Brief at 23 (citing *Commonwealth ex rel. Black v. Superintendent, State Corr. Inst. Graterford*, 439 A.2d 193 (Pa. Super. 1981)).

> It is clearly established that the sentencing judge is without authority to direct that a term of imprisonment in excess of two years be served in a specific institution. *Commonwealth ex rel. Black* …, 439 A.2d [at 194] …; 42 Pa.C.S.A. § 9762 [(governing

---

[18] The only place in the record wherein the applicable Resentencing Guidelines are mentioned, albeit briefly, is Appellant's PSM. PSM, 8/30/24, ¶ 6.

[19] Moreover, the record does not contain a guideline sentence form. *See* 204 Pa. Code § 307.2(d).

sentencing proceedings and places of confinement)]. ***See also Commonwealth v. Maute***, … 397 A.2d 826, 830 ([Pa. Super.] 1979).

***Commonwealth v. Pulling***, 470 A.2d 170, 174 (Pa. Super. 1983).

Based on the foregoing, we conclude the VOP court erred and abused its discretion in resentencing Appellant. We therefore vacate the judgment of sentence and agree with the VOP court "that this case [must] be remanded … for a resentencing hearing."[20] VOP Court Statement, 11/18/24, at 1.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/23/2025

---

[20] Upon resentencing, the VOP court shall consider the Resentencing Guidelines and any other information it deems relevant.